CANNON *v*. FELSENTHAL.

Opinion delivered February 10, 1930.

1076

*Powell, Smead & Knox,* for appellant.

*C. B. Crumpler,* for appellees.

HART, C. J., (after stating the facts). The decree of the chancery court was correct. The principal ground relied upon for reversing the decree is that the commissioners were about to take a part of the property of appellant, and other real property within the proposed improvement district, without first condemning said property and paying them therefor.

Under § 4006 of Crawford & Moses' Digest, municipal corporations are given the power to lay off, open, widen, straighten, and establish streets, etc. Section 4007 of the Digest provides that no street shall be opened, straightened or widened without the concurrence in the ordinance directing the same of two-thirds of the whole number of members elected to the council.

The complaint shows that the provisions of the statute in this respect were duly complied with in the passage of the ordinance providing for the widening of the street in question. The complaint also shows that a street improvement district was duly organized in the manner provided by statute for the purpose of taking and improving said street, as widened under the provisions of said ordinance, and that commissioners were duly appointed who were proceeding to construct the improvement provided for.

Appellant, as a property owner of said proposed improvement district, seeks to enjoin the commissioners from proceeding further in the matter, because they have not first paid him the compensation for taking his property, as required by article 12, § 9, of our Constitution, which prescribes, in effect, that no property or right-of-way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner in money, etc. This court has held that the sec-

tion of the Constitution just referred to does not apply to the taking of property for public use by a municipal corporation. *Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78. In that case, the court had under consideration the taking of a strip of land for the purpose of widening a street in the city. Again, in *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 471, 212 S. W. 334, it was held that the section does not apply to a taking by a drainage district.

The power of eminent domain is an attribute of sovereignty, and, for the purpose of a case like this, is governed by the provisions of article 2, §§ 22 and 23, of our Constitution, which is a part of what is commonly called our Bill of Rights. Section 22 provides that the right of property is before and higher than any constitutional sanction, and that private property shall not be taken or damaged for public use without just compensation. Section 23 provides that the State's right of eminent domain and taxation is herein fully and expressly conceded.

Under constitutional provisions like these, it is generally held that the procedure for ascertaining the value of the property sought to be condemned, and the making of reasonable provision for the payment of the same, is a matter of legislative regulation. As stated in *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557, 18 S. Ct. 445, "All that is essential is that, in some appropriate way, before some properly constituted tribunal, inquiry shall be made as to the amount of compensation, and, when this has been provided, there is that due process of law which is required by the Federal Constitution."

In *Albert Hanson Lumber Co., Ltd.,* v. *United States,* 261 U. S. 581, 43 S. Ct. 442, it was said, that the owner is protected by the rule that title does not pass until compensation has been ascertained and paid, nor a right to the possession until reasonable, certain, and adequate provision is made to obtain just compensation.

In *Joslin Manufacturing Co.* v. *Providence,* 262 U. S. 668, 43 S. Ct. 684, in discussing the subject, the court said:

"Third. We next consider the contention that the act permits the taking of property, and grants the power to lease, sell or dispose of it without an offer to pay compensation therefor, or a determination of it in advance. It has long been settled that the taking of property for public use by a State, or one of its municipalities, need not be accompanied or preceded by payment, but that the requirement of just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge.''

Our own statute complies with the requirements laid down in the cases cited above, both from this court and from the Supreme Court of the United States. Sections 4022 to 4026, inclusive, of Crawford & Moses' Digest relate to condemnation proceedings by boards of improvement in cities and towns. Section 4022 provides that the board of improvement shall have power to enter upon any private property for the construction of any designed improvement, and that any damages that may be sustained thereby shall be paid out of the improvement fund.

Section 4023 provides that, if the person damaged and the board of improvement cannot agree upon a sum to be paid for such damages, the person aggrieved may file his petition in the circuit court of the county, setting forth his grievance and asking compensation therefor, making the board a party defendant.

Section 4024 provides for a trial of the issue by a jury, and that the case shall be advanced on the docket so as to have precedence over all other causes.

Section 4025 provides that the judge of the circuit court may hold a special term for the trial of any such cause.

Section 4026 provides that the judge of the circuit court may, in vacation, in case an agreement cannot be arrived at between the board of improvement and the owner of the property in relation to the damages claimed, fix an amount to be deposited with some person to be des-

ignated by the court before entering upon and taking possession of the property to be used and taken, as aforesaid.

Thus it will be seen that the statute provides that compensation must be made, and the amount of damages for the taking settled in the circuit court, before the board of commissioners can take possession of the property and proceed with the construction of the improvement. Under the provisions of the statute, the title to the property would not pass until the money had been deposited in court for the payment of the damages to the owner. The reasoning of our own court, as well as that of the Supreme Court of the United States, on the question is, that no one has a vested right in any given mode of procedure, and all that the landowner may require is that a form of procedure may be given him with a right of review in the courts, and that a reasonable and adequate means of payment for the property taken shall be provided. *Dickinson* v. *Tri-County Drainage Dist., supra.* So it will be seen that the landowner may proceed in accordance with the provision of §§ 4022-4026, inclusive, of the Digest; or he may wait until the street is widened and sue for damages under § 3930 of the Digest.

It is next insisted that the ordinance creating the district is void because it fails to limit the cost of the improvement to 50 per cent. of the assessed value of the property. In making this contention, counsel rely upon act 64 of the Acts of 1929, which is entitled, "An act to simplify the system of organizing and administering local improvement districts in cities and towns." Acts of 1929, vol. 1, p. 241.

The part of the section relating to this question reads as follows: "If it is found that a majority has signed the petition, the district shall be authorized, unless limited by the terms of the petition to a smaller per cent., to make improvements costing not more than fifty per cent. of the assessed value of the real property in the district; and, if it is found that the petition has been signed

by seventy-five per cent. or more in value of the owners of real property within the district, said district may expend, in making the improvement for which it is organized, as much as one hundred per cent. of the assessed value of the real property therein, unless limited by the petition as aforesaid. Interest upon money borrowed shall not be computed in determining the cost of improvement.''

Under the statute a majority in value of the owners of real property shall be authorized, unless limited by the terms of the petition to a smaller per cent., to make improvements costing not more than fifty per cent. of the assessed value of the real property in the district. The council expressly found upon the report of the commissioners that the estimated cost of the improvement was less than fifty per cent. of the assessed value of the property in the district. Hence, there is nothing in this contention.

No other grounds for a reversal of the decree have been urged upon us, and it will therefore be affirmed.