HERNDON *v.* PULASKI COUNTY.

4-4955

Opinion delivered May 30, 1938.

*Will G. Akers,* for appellant.

*Fred A. Donham* and *Henry E. Spitzberg,* for appellee.

SMITH, J. On July 18, 1935, the county court of Pulaski county, upon the petition of the State Highway Commission, made an order changing the route of the state highway commonly known as the Sweet Home Connection Road. The change made in the location of the road, as it affected the lands of Mrs. E. C. Herndon, was very exactly defined in the order of condemnation. Pursuant to this order the State Highway Commission located a new hard-surfaced road which replaced a gravel road which had formerly served that community. Mrs. Herndon filed a claim for the damages to her land, which was disallowed by the county court, from which order of disallowance she appealed to the circuit court, where the question of her damages was submitted to a jury, and from the judgment of the circuit court finding that the damages for the land taken had been offset by the benefits to the remainder is this appeal.

Testimony was offered by Mrs. Herndon showing the value of the land taken in the construction of the new road, which had severed a small portion of the land from the main body thereof. She offered testimony to the effect that by reason of the fact that the road curved upon entering her land it was thereby rendered less adaptable to subdivision into building and small acreage lots. Testimony was also offered as to the value of certain timber destroyed.

These were all recoverable elements of damage, as the circuit court charged the jury in an instruction given at the plaintiff's request reading as follows: "No. II. The measure of plaintiff's damages, if any, is the difference between the fair market value of her lands, if any, immediately before the construction of the new highway, and the fair market value thereof immediately after such construction. By the term 'fair market value' is not meant the price a given piece of land will bring at a forced sale, but the price it would bring from a willing purchaser after the owner has had a reasonable time within which to find a purchaser willing and able to buy. In determining the damage, if any, caused plaintiff by the construction of the highway in question, you are to take into consideration the fair market value, if any, of the quantity of land, if any, embraced in the highway right-of-way, the damage, if any, caused by the division of the lands into more than one parcel; the damage, if any, caused by the change of the flow of water, if any, onto or over said lands; the added inconvenience and hazard, if any, of occupying and using said lands or any part thereof caused by the construction of the new highway; the maximum value of the lands for any use to which they could reasonably be put at and immediately before the construction of the new highway, the diminution, if any, in such value caused by the construction of the highway; and all other facts and circumstances in evidence."

The court added to the requested instruction, above copied, the following statement: "You will also take into consideration any benefits local, peculiar and special which you may find from the testimony the plaintiff has

received by reason of the construction of the hard-surfaced road.''

This addition to the instruction presents the real question involved on this appeal.

The insistence is that there were no benefits which were local, peculiar and special to plaintiff's lands, but that such benefits as were derived from the new road were common to and were generally shared by other lands in the vicinity. This, was, of course, a question of fact. It was shown to be true that other owners, no portion of whose lands had been taken for the new road, received the same benefits which plaintiff derived; but this does not prove that plaintiff has not received special benefits to her lands. The fact that other owners have received special benefits without loss of land or other cost to them does not prove that plaintiff has not received special benefits. The other beneficiaries of the change of location of the road are not asking damages. If they were asking and had prayed damages it would then, in that event, be proper to offset their special benefits against their damages.

Testimony was offered by witnesses who qualified as experts in valuing lands that the change from a gravel to a hard-surfaced road had greatly enhanced the plaintiff's land not taken in the condemnation suit. They stated what in their opinion the enhancement per acre would be, and the accuracy of these estimates of the value and these opinions was also a question for the jury.

In the recent case of *Washington County* v. *Day*, *ante* p. 147, 116 S. W. 2d 1051, we quoted from the opinion in the case of *Ross* v. *Clark County*, 185 Ark. 1, 45 S. W. 2d 31, as follows: '' 'The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken, so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are local, peculiar, and special to the owner's land who has been required to yield a portion *pro bono publico.*' '' In

the Washington county case we affirmed a judgment awarding damages upon the re-location of a public road, and in doing so said: "The evidence does not show that there are any benefits accruing to the land because of the new highway, but all of the benefits to the land by the construction of the highway accrued when the highway was first built, and the evidence conclusively shows that there are no additional benefits." In that case the new road was of the same character of construction as was the old road, there had merely been a change of location. Here, there has been the substitution of a hard-surfaced road for a gravel road, and much testimony was offered to the effect that this substitution had greatly benefited plaintiff's land, and had made the portion not taken or damaged of greater value than was the whole tract before the construction of the road. Whether this was true or not was a question of fact properly submitted to the jury, which has been concluded by the jury's verdict.

The judgment must, therefore, be affirmed, and it is so ordered.