BALL *v.* INDEPENDENCE COUNTY.

4-8742                                                    217 S. W. 2d 913

Opinion delivered February 21, 1949.

Rehearing denied March 21, 1949.

*R. W. Tucker,* for appellant.

*Millard G. Hardin* and *W. M. Thompson,* for appellee.

HOLT, J. The four appellants filed separate claims for alleged damages occasioned by the condemning and taking of portions of their land by Independence County, appellee, for the construction of a paved highway to replace a gravel road from Batesville to Cave City. All of these claims were disallowed by the County Court and appeals prosecuted to the Circuit Court, where the cases were consolidated and tried together. Separate verdicts were returned in each case in favor of the County, and from the judgment pronounced thereon is this appeal.

The highway in question here, State Highway No. 11, as indicated, ran from Batesville to Cave City, and appellants insist that they received no new or special benefits from the relocation, reconstruction and paving of this gravel road and that they had been damaged far more than benefits received.

We have many times announced the guiding rule in determining the recoverable elements of damages for lands taken for highway purposes.

Section 6962, Pope's Digest, provides in part: "Any court or jury considering claims for right of way damages shall deduct from the value of any land taken for a right of way the benefits of said state highway to the remaining lands of the owner."

In *Herndon* v. *Pulaski County,* 196 Ark. 284, 117 S. W. 2d 1051, we said: "The insistence is that there were no benefits which were local, peculiar and special to plaintiff's lands, but that such benefits as were derived from the new road were common to and were generally shared by other lands in the vicinity. This, was, of course, a question of fact. It was shown to be true that other owners, no portion of whose lands had been taken for the new road, received the same benefits which

plaintiff derived; but this does not prove that plaintiff has not received special benefits to her lands. The fact that other owners have received special benefits without loss of land or other cost to them does not prove that plaintiff has not received special benefits. The other beneficiaries of the change of location of the road are not asking damages. If they were asking and had prayed damages it would then, in that event, be proper to offset their special benefits against their damages.

. . .

"'The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken, so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are local, peculiar, and special to the owner's land who has been required to yield a portion *pro bono publico.*' "

A large number of witnesses testified. Their testimony was conflicting. However, there was testimony by competent witnesses to the effect that the change from a gravel to a paved road had greatly enhanced appellants' land not taken by condemnation, and that all of their lands had received special benefits.

On appeal here, we do not determine where the preponderance of the evidence rested. What we do determine is whether there was any substantial evidence to support the jury's verdicts. We think there was.

Appellants argue that the testimony of witnesses, Stroud, Tugwell, Inman, Meachum and Hess, was improperly admitted for the reason, as they say: "It is . . . clear that the opinion of these witnesses as to the increased value of appellants' farms since construction of the new road was based in part, at least, if not wholly on general benefits, and not on special benefits accruing to them. . . . There is no evidence of any kind showing that these appellants received any special benefits accruing to their particular farm." We cannot agree.

A similar contention was made in the case of *Cate* v. *Crawford County*, 176 Ark. 873, 4 S. W. 2d 516, and we there said: "It is next insisted by counsel for appellant that the benefits testified to by the witnesses for appellee were all such benefits as accrued to the general public, and were therefore not special, local or peculiar to this particular land, and therefore cannot be taken into consideration in the reduction of damages. We cannot agree with counsel in this contention. The proof shows that the value of appellant's land has been greatly increased by reason of this road lying adjacent to his land, and that his farm in its present condition is worth from $500 to $1,000 more than it was before the construction of this road. Under the rule announced in *Weidemeyer* v. *Little Rock, supra,* (157 Ark. 5, 247 S. W. 62) these benefits may be offset against the damages. The circuit court found that the damage to the land not taken plus the value of the land taken exceed the benefits to the remaining land by the sum of $250. There is substantial testimony to support this finding of the court."

The above witnesses testified that in their opinion the fair market values of the lands involved here had increased in amounts ranging from $900 to $3,500. They further testified that they were familiar with the fair market values of lands generally in the northern part of Independence county and lands situated on the Cave City and Batesville highway, including the lands of appellants and that any damages to appellants were exceeded by the benefits received.

In the circumstances, we think, the court properly admitted testimony as to values to be established by the opinions of witnesses familiar with the property in question. In *Bridgman* v. *Baxter County*, 202 Ark. 15, 148 S. W. 2d 673, we said: "The weight to be given the testimony of any one of the witnesses who expressed opinions would depend, of course, on the candor, intelligence, experience and knowledge of values on the part of the witness. It was said in the case of *Fort Smith & Van Buren Bridge District* v. *Scott*, 103 Ark. 405, 147 S. W. 440, that values will usually be established by the

opinions of witnesses who are familiar with the property, this being one of the recognized exceptions to the general rule that witnesses are required to state facts, and not express opinions. It was said also in the case just cited that the question as to who is competent to express an opinion upon the value of land is largely a question within the discretion of the trial court." No abuse of discretion appears here.

Appellants argue that the trial court after having given to the jury instruction No. 6, which was correct, proceeded to give over their objections instruction No. 7, which tended to confuse and mislead the jury to their prejudice.

Instruction No. 6 told the jury that: "Before the owner can be said to have been compensated by benefits derived from the appropriation of his land and the construction of the highway, such benefits must be, not those enjoyed by the public generally, but must be special benefits accruing to the particular owner of the land from which a part has been taken," and instruction No. 7, which immediately followed, is: "Special benefits include both neighborhood benefits and pecucial benefits; a benefit does not cease to be special because it is participated in by every lot or farm fronting on the highway or improvement. In other words, it might be that every farm fronting upon the improvement or highway might be benefited, that is, benefited in a way that the other land in the improvement district or territory in the community served by the public improvement were not benefited."

These two instructions when considered together, as they must be, declare, in effect, the rule of law announced in our decisions *supra*.

It may also be pointed out that no specific objection was made to instruction 7 or to any other instruction given by the court. Appellants objected generally and the trial court was denied any opportunity to clarify any provision of instruction 7 in order to meet any specific objection that might have been interposed or pointed

out. The instruction was not inherently wrong. In the circumstances, no error was committed.

Appellants also contend that "there was a lot of prejudice engendered against the appellants as witnessed by newspaper reports headlined for several days during the term of court at which the cases were tried." No evidence appears in this record that any juror in these cases had read, or had been influenced by, any newspaper reports bearing upon the claims of appellants. Appellants raised no such issue during the trial and complaint at this time comes too late.

On the whole case, finding no error, the judgment is affirmed.