295 S.W.2d 621 (1956)
HOUSING AUTHORITY OF CITY OF LITTLE ROCK, Arkansas, Appellant,
v.
Bordie WINSTON et al., Appellees.
No. 5-1083.
Supreme Court of Arkansas.
November 26, 1956.
R. Ben Allen and William L. Terry, Little Rock, for appellant.
Gordon H. Sullivan and Harry C. Robinson, Little Rock, for appellees.
WARD, Justice.
The only question presented by this appeal is: Is there sufficient, competent testimony to support the chancellor's finding that appellees' property was worth $2,000?
On August 25, 1955, appellant, Housing Authority of the City of Little Rock, Arkansas [authorized and existing under authority of Act 298 of 1937 and amendatory acts], filed a suit in the circuit court against Bordie Winston and his wife [together with many other property owners], asking that said appellees' property [Lot 1 Block 44, Granite Park Addition to Little Rock] be condemned and that the money damages for the taking of said property be ascertained.
Because of certain issues arising in the circuit court relative to title to said property and also a written agreement as to damages the cause was transferred to the chancery court. Upon hearing before the chancellor the two issues mentioned above were discarded and the chancellor heard testimony as to the value of the property in question, and thereupon found that said property was of the value of $2,000.
For a reversal, the two-fold contention of appellant is that appellees' witnesses were not qualified to testify as to the market value of the land, and also that the chancellor's finding as to damages is not supported by the weight of the evidence. We are unable to agree with appellant.
The court was correct in allowing appellees' witnesses to testify regarding the value of the property. Lester Lowery who owned the property in question previously stated that he was acquainted with the general market value of property in the Granite Mountain Addition and that he bought and sold property. Worthy Springer stated that he was well acquainted with appellees' property, that he had bought and *622 sold property in that neighborhood several times, and that he had discussed the price of such property during the last few years with people who were buying and selling homes. This court has held that it rests largely within the discretion of the trial court to decide the competency of a witness to express an opinion as to the value of land. See Bridgeman v. Baxter County, 202 Ark. 15, 148 S.W.2d 673, and Fort Smith & Van Buren District v. Scott, 103 Ark. 405, 147 S.W. 440, 442. Also, in the last mentioned opinion the court approved this statement: "`Intelligent men, who have resided a long time in the place, and who are acquainted with the land in question and say they know its value, are competent, although they are merchants or farmers and have never bought and sold land in the place.'" Where witnesses had given testimony relative to the value of real property, in Ball v. Independence County, 214 Ark. 694, 217 S.W.2d 913, 915, we said: "In the circumstances, we think, the court properly admitted testimony as to values to be established by the opinions of witnesses familiar with the property in question," and then we approved this statement : "`The weight to be given the testimony of any one of the witnesses who expressed opinions would depend, of course, on the candor, intelligence, experience and knowledge of values on the part of the witness.'" We cannot therefore say that the trial court abused its discretion in admitting the testimony of appellees and their witnesses.
Nor are we able to say that the finding of the chancellor as to the value of appellees' property is against the weight of the evidence, although the testimony was conflicting. Appellee, Pearl Winston, stated that she gave approximately $700 for the property in March of 1953 and that since that date she had made numerous repairs to the house totalling an expenditure of around $500, that the property rented for $15 a month, that she had lived in the neighborhood 11 years and had bought and sold property in that community over the years and knew what her neighbors had sold property for, and that she thought the fair market value of her property was $2,500. In Mr. Lowery's opinion the lot alone was worth $600 and the house and lot was worth $2,000. Mr. Springer thought that $2,500 would be the fair market value. On the other hand one of appellant's witnesses placed the market value of the property at $1,000 and the only other witness agreed with him.
The chancellor who saw and observed the witnesses was in a better position than we are here to evaluate the testimony and reconcile the discrepancies, and we cannot say that his finding is not supported by the weight of the evidence.
Affirmed.