McMahan *v.* Carroll County.

5-3407                                            384 S. W. 2d 488

Opinion delivered December 14, 1964.

M. D. *Anglin*, Len *Jones*, for appellant.

J. E. *Simpson*, for appellee.

Jim Johnson, Associate Justice. This is an appeal from a jury verdict awarding no damages to a landowner for land taken in a condemnation order entered by the Carroll County Court.

Appellants Blake McMahan, Faye McMahan and Keith McMahan filed a claim in county court against appellee Carroll County alleging $5,000 damages as the result of the condemnation order which took some eleven acres through a 366-acre tract of land owned by appellants. The claim was denied by the county court and appellants appealed to Carroll Circuit Court, Eastern District. On appeal the claim was tried to a jury which returned a form verdict finding no damages to the land. From the judgment entered on the verdict comes this appeal.

For reversal appellants rely on seven points but fail to abstract the record in support of the points urged. We decline to dismiss this appeal for failure to properly abstract the record as required by our Rule 9 (e) for the reason that appellee Carroll County voluntarily supplied the bare essentials of the record. From the deficient abstract we find only one point sufficiently presented for our consideration. Appellants contend that the verdict was not in keeping with due process of law, apparently relying upon Art. 2, § 22 of the Constitution of Arkansas: "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

The record reveals that the appellee county interposed a defense that appellants' property was enhanced by the paving of the road and such enhancement was equal to or greater than the value of the land taken or severance damages to the remainder of appellants' land.

Thus we come to the question: Can enhancement be equated with just compensation? This question has been raised before and has been answered in the affirmative by past decisions of this court with respect to condemnation by public authority.

Article 12, § 9 of the Arkansas Constitution states: "No property, nor right of way, shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money, which compensation, irrespective of any benefit from any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law." This provision does not apply to condemnation by public authority. *Paragould* v. *Milner*, 114 Ark. 334, 170 S.W. 78; *Cannon* v. *Felsenthal*, 180 Ark. 1075, 24 S.W. 2d 856.

We have repeatedly held that where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits (see *Cullum* v. *Van Buren County*, 223 Ark. 525, 267 S.W. 2d 14, and cases there cited), but "the benefit which will be thus considered must be those which are local, peculiar, and special to the owner's land, who has been required to yield a portion *pro bono publico.*" *Lazenby* v. *Arkansas State Highway Commission*, 231 Ark. 601, 331 S.W. 2d 705; *City of Paragould* v. *Milner, supra; Ross* v. *Clark County*, 185 Ark. 1, 45 S.W. 2d 31; *Washington County* v. *Day*, 196 Ark. 147, 116 S.W. 2d 1051.

The condemnor properly assumed the burden of proving appellants suffered no damage by reason of enhancement, and it has not been demonstrated to us by appellants that the trial court failed to correctly instruct the jury on the applicable law. A competent witness testified that in his opinion appellants' land was worth as much or more after the taking as before the taking. Three other witnesses for appellee, real estate salesmen

and brokers, testified that appellants' land was worth four to six thousand dollars more after the taking and construction of the road. The new road bisects some of appellants' pasture. The county, however, raised the level of the highway somewhat, built an underpass and put in drainage to minimize erosion at appellants' request. The record is clear that appellants' land before the taking was two and one-half miles from a paved road, and that after the taking a paved road ran within several hundred yards of appellants' home. While this new paved highway may be said to be a benefit to the public generally, we are of the view that as to appellants' land this is also a local, peculiar and special benefit. See Wright, Ark. Eminent Domain Digest, § 7.1, p. 189; *Cate* v. *Crawford County*, 176 Ark. 873, 45 S.W. 2d 516. Thus it cannot be said that the jury did not have before it substantial evidence to support its finding that appellants had received just compensation in the nature of enhancement to their land.

Affirmed.