Martin *v.* Raulston, County Judge

5-3633                                              394 S. W. 2d 133

Opinion delivered October 4, 1965.

*Edward H. Patterson,* for appellant.

*Carl S. Whillock,* for appellee.

Sam Robinson, Associate Justice. Appellants filed a claim in the sum of $400 against Newton County for about one acre of land taken by the county to improve a public road adjacent to appellants' property. The claim was denied by the County Court; appellants appealed to the Circuit Court. There, after appellants had rested their case, the trial court directed a verdict for the county. The landowners have appealed to this court.

Two witnesses testified in the case. First, the appellant, Virgil Martin, testified that about one acre had been taken to improve the road, and, in his opinion, the particular acre taken was worth $500. He testified, however, on cross-examination, that there was some enhancement in value to the property remaining to him which was caused by the improvement in the road. When asked whether, in his opinion, the remainder was worth less than the entire property was worth before the taking, he answered: "No, I didn't say it was worth less."

One other witness testified, and his testimony can be construed to the effect that the part of the property

remaining after the taking was worth more than the entire property was worth before the taking, and that the enhanced value was due to the improvement of the road. In this state of the record the trial court directed a verdict for the county.

Ark. Stat. Ann. § 76-521 (Repl. 1957) provides: ". . . any court or jury considering claims for right-of-way damages shall deduct from the value of any land taken for a right-of-way the benefits of said State highway to the remaining lands of the owner."

We have held that under the foregoing statute, the landowner is not entitled to recover anything for the taking of a part of his property to improve a road where the remainder of land left to him is enhanced in value in an amount equal to or greater than the value of that part taken. *Bridgmen* v. *Baxter County,* 202 Ark. 15, 148 S. W. 2d 673; *Herndon* v. *Pulaski County,* 196 Ark. 284, 117 S. W. 2d 1051. Here, the trial court was of the opinion that the undisputed evidence showed there was such an enhancement in value.

But, there is another point to be considered. The landowner is precluded from recovering only where the enhancement in value is special and peculiar to the particular property remaining to the landowner after the taking. *Lazenby* v. *Ark. State Highway Comm.* 231 Ark. 601, 331 S. W. 2d 705; *McCahan* v. *Carroll County,* 238 Ark. 812, (Dec. 14, 1964). This is a question of fact, *Bradgemean* v. *Baxter County,* supra, and the burden is on the one who takes the property to show the peculiar and special benefits to the remainder. Hence, even if it can be said that the evidence in the case at bar shows an enhancement in value to the property remaining to the landowner equal in value to the part taken, there is no showing that such enhancement is special and peculiar to the remainder. The cause must, therefore, be reversed and remanded for a new trial.

It is so ordered.