THE CITY OF SPRINGDALE, ARKANSAS *v.* HOMER KEICHER AND EUNICE KEICHER

5-4277                                    419 S. W. 2d 800

Opinion delivered October 9, 1967
[Rehearing denied November 13, 1967.]

*Crouch, Blair & Cypert,* for appellant.

*Lewis D. Jones,* for appellee.

PAUL WARD, Justice. This is a condemnation suit brought by the City of Springdale to secure easements for the construction of a sewer line.

On February 2, 1964 the City (appellant) filed a complaint in circuit court against Homer and Eunice Keicher (appellees) to procure a *temporary* easement (over appellees' land) fifty feet wide and approximately 1,000 feet long to be used while constructing the sewer line. Appellant also sought a *permanent* easement (over said land) fifteen feet wide and approximately 1,600 feet long where the line was to be placed. Appellant deposited $150 in the registry of the court to cover any damages to appellee for the taking and asked for the right of immediate entry for construction purposes.

On the same day the court entered an Order giving appellant the right of immediate entry. Thereupon appellant began construction operations.

On November 9, 1966 appellees filed an Answer and Counter-Claim. In the Answer appellees stated they owned the land, and that they should recover the sum of $20,000 "for the taking of said lands and the damages caused to the remainder of their lands". In their cross-complaint appellees sought $10,000 damages caused by odors from a sewage disposal system which appellant had erected and maintained adjacent to their lands during the past three years.

In reply, appellant said any alleged damages asked for in the Counter-Claim was barred by the statute of limitations, and denied all allegations in the answer.

A jury trial on November 28, 1966 resulted in a verdict in favor of appellees in the amount of $7,000 for which judgment was entered.

On appeal appellant designates only one point, but argues two general grounds for a reversal; *One,* there is no "substantial evidence upon which to base the award of damages", and; *Two,* incompetent testimony was admitted in evidence.

*One.* By-passing for the moment the matter of alleged incompetent testimony, we have concluded there is substantial evidence to support the $7,000 judgment.

*Homer Keicher,* appellee, testified: I am the owner of the land, consisting of 192 acres, am seventy three years old, was born on the land and have lived there ever since; I used the land for farming—such as melons and truck crops and raising cattle; I know what property has sold for in that neighborhood; In my opinion the value of the land before the sewer line was put in was $70,000 and after that it was worth $50,000. He stated that due to the taking he had to repair a lot of

fences to keep cattle "and I can't even do that", and the odor from the sewer is awful bad.

*Mrs. Keicher,* the wife of Homer, has lived on the land for twenty-two years, testified: My family owns the property in the neighborhood, and I have an opinion as to the value of our farm. [Her opinion was the same as her husband.] She further stated that before the sewer line was put in we had no trouble with odors, but now when the wind is from the north "it is just unbearable", and she could easily tell the difference between the sewer line and the City dump.

*Dale Killian* testified: I have been a real estate broker in Washington County for fourteen years; have handled property "well over the entire county and am familiar with the value of real estate, the rural type, and of the urban type"; I know the land here in question and have inspected it; in my opinion "the value of the subject farm prior to its taking was $55,000 . . . the value of the remainder of the farm after the taking by City is $45,000".

*King Wheeler,* who has been a real estate broker in Washington County for twenty-four years and says he has been acquainted with the land in question all that time, testified, in effect, that the land was worth $54,000 before the taking and $41,000 after the taking.

The above testimony was presented to the jury under instructions of the court to which appellant made no objection, and it was, of course, up to the jury to believe or disbelieve any part thereof. We are therefore unable to say there was no substantial evidence to support the jury's verdict for $7,000. In support of this conclusion we call attention to certain pertinent decisions of this Court.

In *Housing Authority of Little Rock, Arkansas,* v. *Winston,* 226 Ark. 1037, 295 S. W. 2d 621, we said that

a non-expert witness who is acquainted with the land in question and says he knows the market value is competent to express an opinion as to its market value. In *Ark. State Hwy. Comm.* v. *Drennen,* 241 Ark. 94, 406 S. W. 2d 327, we held that a land owner could give his opinion as to the before and after value of his land. See also: *Ark. State Highway Comm.* v. *Johns,* 236 Ark. 585, 367 S. W. 2d 436.

*Two.* We now examine appellant's contention that the case should be reversed because inadmissible testimony was erroneously introduced.

(a) Appellant moved to strike "the entire testimony" of Dave Killian because it "involves a lot of elements that are not properly considered in this suit". The motion was overruled, and, we think, properly so. It is true that references were made by Killian (and other witnesses) to odors from sewer installations other than the pipe line—this pursuant to appellees' cross-complaint. However, the cross-complaint was dismissed by the trial court. Also, in overruling appellant's motion the court sustained it in part by striking testimony relating to the City dump and the land fill. Appellant did not object to this ruling.

(b) Appellant moved to strike the "entire testimony" of Wheeler. The trial court then made this statement: "He can testify as to the value of this farm but if you are going to bring in an element of damage from odor, I will sustain it as to that part" because "he didn't know there was any there before or not". No other objection was made by appellant. At any rate we think appellant failed to show the witness had no reasonable basis for his opinion as he had formerly stated and as modified. In the *Johns* case, *supra,* we said:

"An expert witness, after having established his qualifications and his familiarity with the subject of the inquiry, is ordinarily in a position to state his opinion."

\* \* \* \*

"It was incumbent upon counsel for the appellant to support their motion to strike by showing that the land owners' expert witnesses had no reasonable basis for their opinions."

In view of the fact that appellant did not object to any of the instructions given by the court, we hold a fact question was presented to the jury as to the amount of damages.

We also find no merit in appellant's contention, backed by testimony of its witnesses, that the sewer line was a benefit, and not a detriment, to appellees' property. There was, however, no showing by appellant that such benefit (if any) was peculiar to appellees and did not likewise benefit other property as well. *McMahan* v. *Carroll County,* 238 Ark. 812, 384 S. W. 2d 488, and *Martin* v. *Raulston, County Judge,* 239 Ark. 769, 394 S. W. 2d 133.

Affirmed.

Brown, Fogleman and Jones, JJ, dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree that the judgment should be affirmed in this case. If indeed it can be said that there is any evidence to support the verdict, I do not see how it can be said that there was no prejudicial error in the admission of testimony in the case.

Appellees, the landowners, offered the testimony of Dale Killian, H. G. Brady, King Wheeler and Charles Schumake, in addition to their own testimony, to show the damages they were entitled to recover. Little, if any, of this testimony was competent and most of it should have been stricken. When the incompetent testimony is eliminated, it cannot be said that the jury verdict can be sustained on what remains.

Dale Killian, a Fayetteville real estate man, testified of adequate background to qualify him as an expert to testify as to property values in Washington County. However, he did not understand that this suit was not concerned with a sanitary landfill and city dump on the north edge of appellees' property and he took these rather detracting factors into consideration in determining the reduced value of the Keicher property after the taking. The difference in "before" and "after" values fixed by him amounted to $10,000.00. He said it would be hard for him to take just one consideration in determining how much of the $10,000.00 is caused by the city dump. He said that on the landfill he would place about 1/5 the damage value, about 3/5 on the sewer, and 1/5 on the "other damage." This meant that only about $2,000.00 of the total damage was caused by the easement for the sewer line, the remainder apparently being due to the adjacent sewer plant and the city dump. It is not-clear as to how the remainder would be distributed. He testified that if it were not for the city dump and the treatment plant, the sewer line would have raised the value of the property probably $200.00 to $300.00 per acre. At the conclusion of his cross-examination, he repeated that the property was hurt by the dump right square against it and this was one of the things he had been taking into consideration in estimating the damages. I do not see how it can be said that his testimony should not have been stricken.

At no time did the court instruct the jury that they were not to consider that portion of this testimony regarding the noncompensable and unrelated element of damages claimed by appellees, nor did the instructions specifically advise the jury that they should not consider any damages due to the sanitary landfill and city dump. While all the testimony of a witness should not be stricken when part of it is competent, it must be stricken when cross-examination reveals that the witness used an invalid basis in fixing values. *Ark. Highway Comm.* v. *Wilmans,* 236 Ark. 945, 370 S. W. 2d 802. In the cited case the court reversed and remanded

the case because of the failure of the court to strike the value testimony of one witness who used an improper basis, even though it was held that there was no error in failure to strike the value testimony of another. Basing the difference in valuation on an improper element of damage is erroneous and prejudicial: *Ark. State Highway Comm. v. Ptak,* 236 Ark. 105, 364 S. W. 2d 794.

Homer Keicher, the landowner, testified that the dump smells like rotten eggs and dead animals. Mr. Keicher did not know of recent real estate transactions immediately adjacent and near to appellees' property, or what the sellers received or purchasers gave, saying that he did not know the price given for land around him for the past five years, never tried to find out, and considered it nothing to him. In saying that the value of his property after the taking was worth only $50,000.00, as against $70,000.00 before, he said that he was taking into consideration that the dump was right next to him, since he joined it for one-half mile. He said that this was one reason why he thought his 192-acre farm was reduced in value to the extent of $20,000.00. He gave no clue as to how he arrived at his values. I feel that his testimony should also have been stricken. Appellant moved to strike the testimony of Keicher on the grounds that he was not qualified to testify as to before and after value and that he took into consideration improper elements of damages. The court did not instruct the jury that they were not to consider the portion of the testimony of the owner relating to the improper basis of damages and there would have been no way for the jury to separate the elements if he had.

As to the first ground, even a landowner witness may not be permitted to give an arbitrary valuation figure having no relation to the facts in the record where he makes no effort to say how he arrived at his valuation. *Ark. State Highway Comm. v. Stanley,* 234 Ark. 428, 353 S. W. 2d 173; 4 ALR 3d 749.

Mrs. Keicher frankly said that she did not know what the property in the neighborhood bought and sold for. When asked what the property value was before the taking, she said that her opinion was what her husband said—$70,000.00. Objection to this testimony was overruled. She also thought the value after the taking was $50,000.00. She said there was an odor from the landfill and city dump, but would not be if they kept it properly covered. Unlike her husband, she didn't figure much of the damage was done from the dump and landfill, but she said nobody would want that odor. Her testimony cannot be regarded as substantial. *Arkansas State Highway Comm.* v. *Ptak*, 236 Ark. 105, 364 S. W. 2d 794.

H. G. Brady lived on a neighboring farm and was also litigating with appellant about the sewer line and sewer plant as they affected his farm. He could smell the city dump as he want through the Keicher property. He described it as a very offensive odor. He gave no testimony as to values.

King Wheeler, also a Fayetteville realtor, was possessed of adequate professional qualifications. He also appraised the property upon the assumption that the city dump was a damaging factor, saying that the property was damaged to the extent of $13,000.00. He never stated his opinion as to the value of the lands after the taking. Upon being advised by appellees' attorney, during cross-examination, that the dump was not to be considered, he promptly advised that he would then take off 20% of the figure he gave. He had never heard of neighboring properties recently sold. He admitted that he based his appraisal on comparable sales in Fayetteville and Farmington, not Springdale, because he did not definitely know of any property being sold in Springdale in the preceding few months. He also said that he did not check any Springdale sales because he did not know of any and did not have time, having been employed to make his appraisal only two days before trial. The sale he relied on as being most nearly like the subject tract was of a parcel near Farmington and three and one-

half miles from Fayetteville. But the greatest vulnerability of his testimony is that he did not value the property as of the date of taking, but valued it as of the day he saw it, two days before the trial and nearly three years later.[1] As an additional reason for doing so, he said he didn't know the property too well before that date. Appropriate motions to strike were made and overruled.

It is well settled that the compensation to the landowner can be fixed only on the basis of values at the time of the taking. *Ark. State Highway Comm.* v. *Brewer*, 240 Ark. 390, 400 S. W. 2d 276; *Arkansas State Highway Comm.* v. *Griffin*, 241 Ark. 1033, 411 S. W. 2d 495; *Kansas City Southern Ry. Co.* v. *Boles*, 88 Ark. 533, 115 S. W. 375.

While the court sustained an objection by appellant when the witness improperly assumed that there were no sewage disposal facilities north of the Keicher tract just prior to the taking of the sewer easement, appellees' counsel attempted to rehabilitate him with the result that his testimony was finally admitted over appellant's objections. Wheeler recalled that he had handled the sale of an adjoining farm and knew what the city had north of that tract prior to 1964, but told the court that he did not know that any sewer facilities were there prior to 1964. After appellant's objection, the court ruled that this witness's testimony as to the city dump was excluded and his testimony as to the offensive odor was excluded, but his testimony with reference to damage because the sewer line zigzagged through the property was admitted. The witness had testified about offensive odors from both the sewer plant and the city dump and indicated that 60% of the total damage was due to the location of the sewer plant. I doubt if the jury was able to understand what they were to consider and what they were not to consider. Because of the various factors

[1]The date of taking was February 3, 1964. The date of trial was November 17, 1966.

showing that there was no fair and reasonable basis for the testimony of this witness, it should have been stricken.

I submit that the testimony of these witnesses lacked a proper basis as a matter of law for the giving of their opinions or for the jury's verdict. Appellant made proper objections, motions to strike, and motion for a directed verdict. Where error is committed in the admission of improper value testimony and proper objection is made, the error will be treated as prejudicial unless it be shown that appellant was not prejudiced thereby. *Ark. State Highway Comm.* v. *Ptak,* 236 Ark. 105, 364 S. W. 2d 794. I see no way that it could be said that error in the admission of the testimony in this case was not prejudicial. It leaves no substantial testimony of any nature to support the verdict. The testimony of neither the experts nor the landowners is substantial when cross-examination reveals that it is not based on a fair and reasonable basis. *Malvern & Ouachita River R. Co.* v. *Smith,* 181 Ark. 626, 26 S. W. 2d 1107; *City of Harrison* v. *Moss,* 213 Ark. 721, 212 S. W. 2d 334; *State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738; *Hot Spring County* v. *Prickett,* 229 Ark. 941, 319 S. W. 2d 213; *Arkansas State Highway Comm.* v. *Johns,* 236 Ark. 585, 367 S. W. 2d 436.

The testimony of Charles Schumake had no bearing on values but related to offensive odors from the sewage plant only. Thus, it added nothing to this picture.

I would reverse and remand for a new trial.

I am authorized to state that Brown and Jones, JJ, join in this dissent.