## TEXAS AND ST. LOUIS RAILWAY V. KIRBY.

1. PRACTICE IN SUPREME COURT: *Errors of Circuit Court must be excepted to.*

   The Supreme Court will not review the rulings of the Circuit Court in excluding evidence from the jury, unless the rulings be excepted to at the time.

2. RAILROADS: *Value of right of way: How proved.*

   In testifying of the damages for the right of way for a railroad, the witnesses may give their opinion either of the difference in value of the tract of land before and after the location of the road, or directly, of the amount of damages accruing from taking the land.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* for appellant.

1. The offer to compromise and confess judgment, under sections 4752, 4758-9 Gantt's Digest, the acceptance by defendant, and the judgment rendered thereon for eighty-five dollars, and payment by the clerk as ordered by the court, was a full disposition of the case, and should have been final.

2. The Kirbys had no cause of complaint. They were not subrogated to the rights of the owner of the land. Damages for right of way belong to the person owning the land *at the time of the taking*, and do not, without an express stipulation, pass to a purchaser. *Pierce on Railroads, p. 185; Mills on Em. Domain, sec. 66; 34 Tex., 723; 91 Ill., 312.*

3. Evidence as to the market value of the land at or about the date of the appropriation, and just after, and as to the price set upon the land by the owner, and his offer to sell just before the taking, clearly admissible. (*Pierce*

*on Railroads, 210; 39 Ark., 169; 42 Ark., 265.*) It was also error to exclude evidence of what lands similar in quality and in the immediate vicinity of this tract were selling for. *Pierce on Railroads, 224, and cases cited.*

*Paul Jones* for appellees.

The offer to compromise was not served on defendants or their attorneys, and no acceptance was filed as provided by *section 4752 Gantt's Digest,* and was not binding on either party. Nor was the offer to confess judgment accepted in full satisfaction of defendant's demands. The judgment affirmatively shows that it was not a final determination of the issues. But even if the court erred in rendering judgment on this offer, it was not made ground of the motion for new trial (*33 Ark., 114; 23 Ib., 19*), nor, unless the damages assessed by the jury at $250 are excessive, has appellant suffered any injury. When substantial justice has been done, this court will not reverse for errors in form or practice. *34 Ark., 94; 23 Ib., 121; 20 Ib., 109, 216.*

Appellant alleged that the Kirbys had succeeded to all the rights of the original owner, and brought them in as parties, and no proof that they were subrogated to Arlidge's rights was necessary. It was confessed. It was not necessary to have it formally produced to the jury as evidence. *41 Ark., 56.*

The inquiry as to the value of the land properly confined to its value at the time of appropriation (*42 Ark., 528*), and it would have availed nothing to have proved the value of land of similar character in the vicinity at or near the date of the appropriation; besides, it was not a proper inquiry. (*Mills' Em. Domain, 170; 81 Pa., 414; 35 Cal., 247.*) But appellant did not except to the ruling of the court in excluding this testimony. *39 Ark., 224.*

The price put on the land by defendants, or what they offered to sell it for at a particular time, is not the true criterion, as motives may have actuated them to sell at less than its real value. *Mills' Em. Domain, sec. 170.*

Taking into consideration all the elements of damages (*42 Ark., 527, 528*), the verdict is not excessive according to the testimony.

COCKRILL, C. J.   The railroad instituted proceedings under the statute to condemn the right of way through forty acres of land near Texarkana, and under an order from the circuit judge for that purpose, deposited the sum of $250 in court to pay the damages to be assessed.   After the land owner had been brought into court the railroad filed a motion to compromise and confess judgment for eighty-five dollars, provided this should be taken in full of all damages, and about the same time filed a motion to have the Kirbys, who are appellees here, made parties, because, as the motion alleged, they had become the owners of the land and had succeeded to the first owner's right to receive whatever damages might be awarded in the proceeding. The offer to compromise was not accepted.   The court, however, looking only to the offer to confess judgment, and disregarding the condition that the amount named should be taken, if at all, in full satisfaction of the claim for damages, rendered judgment against the company for $85, directed the clerk to pay it out of the fund deposited in court, and continued the case for further proceedings. The clerk paid the amount as ordered to the land owner. At the next term the Kirbys were brought in by service of process and took up the litigation in the place of the original owner, one Arlidge.   There was a trial by jury, and a verdict and judgment in their favor for $250.   The

railroad moved for a new trial, took a bill of exceptions and appealed.

**1. ERRORS OF CIRCUIT COURT: Must be excepted to.** Several questions upon the exclusion of testimony offered by appellant are pressed upon the court as error at the trial, but as no exceptions were saved to the rulings of the Circuit Court in that regard, the presumption is that the appellant acquiesced therein. If it was desired to make any point on the exclusion of this testimony, the ruling of the court should have been objected to at the time.

**DAMAGES FOR RIGHT OF WAY: How proved.** Witnesses who had personal knowledge of the character and location of the land, and of the facts in regard to building the railroad over it, were permitted to give their opinions as to the amount of damage sustained thereby, against appellant's objection. The difference in value before and after the location would be a valid test of the damage done, and it would seem to be immaterial whether the testimony was admitted in this form or in answer to a direct question as to the amount of the damage. The latter follows as a mathematical deduction from the first. In either case, it must come as an opinion, and opinions as to the value of the land before and after location, were held admissible by this court in the similar case of *St. Louis & Texas Ry. v. Anderson, 39 Ark., 167.* Both methods seem to be sustained by the authorities. *Pierce on Railways, 227 and cases; Snow v. B. & M. Ry., 65 Me., 230; Shattuck v. Stoneham, etc., Ry., 6 Allen, 115; Sherman v. St. P., Minn. & Man. R. R. Co., 30 Minn., 227; T. & St. L. Ry. v. Eddy, 42 Ark., 527.*

Whether a witness has such knowledge of the facts as to make his opinion of value, is in a great measure at the discretion of the circuit judge. It is true that such evidence, like all oral testimony, may at times prove unreliable, but its value can be readily and satisfactorily tested by cross-examination.

It is urged that there is no evidence to show that the Kirbys succeeded to the rights of Arlidge, the original owner of the land. The fact was admitted and no proof was necessary. Arlidge was a party to the proceeding, and the Kirbys were brought in on appellant's showing that they were the real parties in interest. and the truth of this was not disputed by any one.

In the outset the court below seems to have misapprehended appellant's offer to submit to a judgment for $85, in way of compromise. The offer was made in substantial compliance with the statute, and, as it was not accepted by the party entitled to recover, it should have been held in abeyance by the court merely for the purpose of putting the costs on the party refusing, in case no more than $85 was recovered by him. (*Mansf. Dig., sec. 5221.*) It was clearly error in the court to take the offer as an admission that $85 should be recovered in any event. *Mansf. Digest, sec. 5222.*

On the trial of the case the court seems to have conformed to the rule that an offer of this kind should not be given in evidence, and, upon the whole, substantial justice would have been done if the appellees had been compelled to enter a remittitur for the sum previously recovered by Arlidge. The Kirbys were purchasers *pendente lite,* and were bound by the proceedings had prior to their coming into the case.

The verdict of the jury was for $250. One of the errors assigned in the motion for a new trial was that the damages were excessive. The evidence may be said to sustain the verdict. Some of the witnesses estimated the damage at more than $250, but none of them placed the amount at as much as $85 more than that sum. The result is that upon what might otherwise be deemed a proper judgment for $250, the appellant is mulcted in damages to the

extent of $335. As a remittitur will cure the only error complained of, if the appellees will enter a remittitur of $85, the judgment will be affirmed upon the terms prescribed in *Fowler v. Johnson, 11 Ark., 280;* otherwise it must be reversed and a new trial granted.