MALVERN & OUACHITA RIVER RAILROAD COMPANY *v.* SMITH.

Opinion delivered April 21, 1930.

*H. B. Means* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*John L. McClellan* and *Andrew I. Roland,* for appellee.

SMITH, J. The appellant railroad company, which is building a short line railroad for the purpose of haul-

ing gravel, sought to condemn a right-of-way through lands owned by appellee, and, the parties being unable to agree as to the amount of damages to be paid, a petition for condemnation was filed in the circuit court of the county in which the lands are located. In this petition it is alleged that the railroad company has laid out its line across the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section 21, township 4 south, range 17 west, and a three and one-half acre tract joining it, and it is the right-of-way through these lands which the railroad seeks to condemn.

The testimony heard at the trial, from which this appeal comes, is to the effect that appellee owned, including the land above-described, about 100 acres of land in section 21, township 4 south, range 17 west, and that the line of the railroad ran for about half a mile through his property, leaving about the same number of acres on each side, and that the amount of land actually taken was about 3.6 acres.

There was a verdict and judgment in the sum of $3,000, and for the reversal of this judgment it is insisted that error was committed in permitting witnesses to "express an opinion as to what the damages were without stating the facts upon which the opinion was based," and that the verdict was excessive.

We think no error was committed in permitting the witnesses to express their opinion, where it was shown that they had some knowledge of the facts about which they testified. The measure of damages in such cases is, of course, the difference in value of the land before and after the construction of the railroad, excluding any enhancement of value by the building of the railroad, and in the very nature of the case this is largely a matter of opinion, and whether a witness has such knowledge of the facts as to make his opinion of any value is a question largely within the discretion of the trial judge, and the value of such testimony may be tested by a cross-

examination of the witness as to the facts upon which the opinion is based  *St. Louis, A. & T. R. R. Co.* v. *Anderson,* 39 Ark. 167; *Texas & St. L. Ry.* v. *Kirby,* 44 Ark. 103, 106. We find no error in this respect.

We have concluded, however, that the verdict was excessive. The defendant himself testified that he had been damaged $5,000, while other witnesses estimated the damages at a less amount, it being placed by some of the witnesses as low as $350. The defendant testified that he paid $14,000 for 130 acres, of which the land in question is a part, and that the land is more valuable now than it was then. Other witnesses placed the value of the land at from $25 to $150 per acre.

Only 3.6 acres of the land were actually taken, but this, of course, is not the only element of damage. The land was divided into two parts, and the condition in which the land is left is always a proper matter to be considered. The line of the railroad ran within about 44 steps of defendant's barn, and it was shown that the railroad dump will be placed upon ballast about six inches deep and about four feet wide. Even this dump interfered to some extent with defendant crossing from one portion of the land to the other, and made it necessary for him to cross at a crossing provided for that purpose. This was, of course, an inconvenience which the jury had the right to consider in assessing the damages. These appear to have been all the elements of damage shown by the testimony except the loss of the use of some amount of land which would result from having to turn the tractors used in cultivating the land at the railroad right-of-way. There was no evidence of any obstruction of the drainage or increase in the cost of fencing.

In testing the sufficiency of the evidence to support the verdict we must view it in the light most favorable to appellee. In the case of *Railway* v. *Combs,* 51 Ark. 324, 11 S. W. 418, Chief Justice COCKRILL said: "The same principles obtain in these statutory proceedings as

in common law suits in regard to new trials. When the verdict is sustained by competent evidence, we do not interfere." But we have concluded that the competent testimony does not sustain the verdict. It is true that one or more witnesses for appellee placed the damage at a sum equaling the verdict returned by the jury, but the cross-examination of these witnesses fails to show any fair or reasonable basis for the opinion. This is not true, however, of T. A. Miller, who testified in appellee's behalf. This witness owned adjoining land, and had owned it for fifty-two years, and was acquainted with the condition of the land, and the effect on it of building the railroad across it. On his direct examination Mr. Miller placed the damage at from two to three thousand dollars, but on his cross-examination he placed the difference in value at two thousand dollars, and this, as we have said, is the true measure of damages.

We have concluded, therefore, that the judgment should be reduced to this sum, and, if appellee will, within fifteen days, remit the excess, the judgment will be affirmed for that amount; otherwise, it will be reversed and remanded for a new trial.