ARKANSAS POWER & LIGHT COMPANY *v.* MORRIS.

4-9961                                               254 S. W. 2d 684

Opinion delivered February 9, 1953.

*B. Ball, House, Moses & Holmes* and *Thomas C. Trimble, Jr.,* for appellant.

*Paul K. Roberts* and *J. R. Wilson,* for appellee.

J. SEABORN HOLT, J. Arkansas Power & Light Company brought three separate condemnation suits to acquire rights of way 100 feet wide, along with the privilege to cut, or move, certain danger trees adjacent thereto. The cases were consolidated for trial below and are so presented here. Appellees have cross-appealed. The conclusions we have reached make it unnecessary, as later pointed out, to consider appellees' cross-appeal.

The jury awarded the Griffins $1,500 for right of way over their property aggregating 9.336 acres, at a

value of $160.66 per acre. In the Morris case, the award was for $1,000 for the right of way amounting to 7.174 acres, or $139.39 per acre. In the Harris case (involving the Neal heirs), the jury awarded $1,100 for the right of way, 8.827 acres, or $126.62 per acre.

There appears to be no dispute as to the applicable rules of law applied by the trial court in these cases. The rule was reaffirmed by this court October 6, 1952, in *Texas Illinois Natural Gas Pipeline Company* v. *Lawhon*, 220 Ark. 932, 251 S. W. 2d 477, where we said: "Under the law of this State, the owner of land is entitled to be paid the full value of the land embraced within the right of way easement, as if the fee had been taken even though the landowner, after the pipeline was constructed, had the right to continue using the surface of the right of way for farming or other purposes not inconsistent with the use of the easement. Appellant acquired by the condemnation proceedings the power to make such use of the right of way as its future needs required for the purpose for which the right of way was condemned. *Baucum* v. *Arkansas Power & Light Company*, 179 Ark. 154, 15 S. W. 2d 399.

"Appellees were entitled to recover, in addition to the value of the land actually taken, for any loss of crops, both on the right of way and off, caused by appellant, and for any damages to appellees' other land, and decreased market value that they might be able to show by competent proof."

The instructions appear not to be questioned. A large number of witnesses testified for the interested parties on the question of the amount of damages and were allowed to give their opinions on land values.

For reversal, appellant, Power Company, says: "The Griffin Case should be reversed because: (1) The opinion testimony of Aubert Moseley was erroneously admitted when he was not qualified to render opinion evidence in regard to land values. (2) The testimony of F. T. Dearmon, Joe Griffin and Willie B. Griffin in regard to damages should not have been admitted for the

reason that it did not conform to the proper measure of damages. (3) The verdict was against both the law and the evidence. (4) The Court erred in permitting attorney for Griffins to place before the jury inadmissible testimony by asking leading questions of the witness, Roy McKinney.

"The Morris Case should be reversed because: (1) The opinion testimony of the witness, George Cruce, was erroneously admitted when he was not qualified to render opinion evidence in regard to land values. (2) The verdict was against both the law and the evidence. (3) The Court erred in permitting counsel for Morris to place before the jury inadmissible testimony by asking leading questions of the witness, Roy McKinney.

"The Harris Case should be reversed because: (1) The opinion testimony of the witness, T. A. Carter, was erroneously admitted because he was not qualified to render opinion evidence in regard to land values. (2) The testimony of T. A. Carter in regard to damages should not have been admitted for the reason that it was not rendered in conformity with the proper measure of damages. (3) The verdict was against both the law and the evidence. (4) The Court erred in permitting counsel for defendants in the Harris Case to place before the jury inadmissible testimony by asking leading questions of the witness, Roy McKinney."

We have many times announced the rule that one of the tests of the qualifications of a witness is his knowledge of the facts about which he may testify in cases such as now presented and have said that the admissibility of such testimony is a matter resting largely in the discretion of the trial court.

"Whether or not the qualification of a witness with respect to knowledge or special experience is sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final, and will not be disturbed by an appellate court, except in extreme cases where it is manifest that the trial court has fallen into error or has abused its discretion, and

that prejudice to the complaining party has resulted even though the appellate court might have decided differently if the question had been presented to it in the first instance.'' *Firemen's Insurance Company* v. *Little,* 189 Ark. 640, 74 S. W. 2d 777.

Our rule is also well established that in testing the sufficiency of the evidence to support the jury's award in condemnation proceedings, such as we have here, the verdict must be viewed in the light most favorable to the appellee, and when sustained by competent evidence we do not interfere. (*Texas Illinois Natural Gas Pipeline Company* v. *Lawhon,* above.)

We do not attempt to detail the rather voluminous testimony of the various witnesses on the question of damages occasioned by the taking of property by appellant. It suffices to say that we have reviewed their testimony and have concluded that the trial court did not err or abuse its discretion, in the circumstances, in admitting expressions of opinion as to damages in each case. The testimony of the above witnesses (about which appellant specifically complained), we think, showed sufficient knowledge of the facts about which they testified to make their testimony admissible and properly submitted to the jury for what it might be worth.

In each instance, appellant was afforded the opportunity to cross-examine all of appellees' witnesses bearing upon their knowledge of the facts about which they testified relating to land values and the damages accruing, and this it did rather thoroughly and vigorously. In the very nature of these three cases before us the measure of damages in each is largely a matter of opinion of the witnesses.

What was said by this court in *Malvern & Ouachita River Railroad Company* v. *Smith,* 181 Ark. 626, 26 S. W. 2d 1107, in an opinion by Judge Frank Smith, applies with equal force here. We there said: ''We think no error was committed in permitting the witnesses to express their opinion, where it was shown that they had some knowledge of the facts about which they testified.

The measure of damages in such cases is, of course, the difference in value of the land before and after the construction of the railroad, excluding any enhancement of value by the building of the railroad, and in the very nature of the case this is largely a matter of opinion, and whether a witness has such knowledge of the facts as to make his opinion of any value is a question largely within the discretion of the trial judge, and the value of such testimony may be tested by a cross-examination of the witness as to the facts upon which the opinion is based.''

We conclude, therefore, that in each of the cases presented there was competent, substantial evidence to support the jury's verdict. The verdicts do not appear excessive.

Having reached this conclusion, appellees concede that their cross appeal passes out of the case. Appellees say: ''A decision of the case on its merits from a strictly legal point of view should be affirmed on the main appeal . . . In the event the Court takes that view of the case, the appeal by the defendants (appellees) of course will pass out of the picture altogether.''

Affirmed.