132 So.2d 38 (1961)
HOUSTON TEXAS GAS & OIL CORPORATION, a corporation, Appellant,
v.
Philip A. HOEFFNER et al., Appellees.
No. 1373.
District Court of Appeal of Florida. Second District.
June 30, 1961.
Rehearing Denied August 7, 1961.
*39 Oughterson, Scott & Oughterson, Stuart, and Raymond E. Ford, Ft. Pierce, for appellant.
Denison & Lewis, Ft. Pierce, for appellees.
PER CURIAM.
Appellant Houston Gas & Oil Corporation, which was the petitioner in an eminent domain proceeding, seeks reversal of the judgment entered pursuant to a jury verdict fixing the amount of the award.
Houston filed its petition to condemn an easement over a fifty foot strip of land through appellee's orange grove. The petition described the easement as one "for the construction, maintenance, and operation of natural gas transmission pipelines and works." During the trial Houston attempted to present testimony regarding the policy of the corporation to permit the fee owners of such land to continue making various uses of such land after condemnation. The trial judge refused to permit the proffered evidence, basing his refusal on the view that the extent of the estate which was being condemned should be that reflected by the petition and not contingent upon some nonobligatory policy which could be changed in the future. On the second day of the trial, the petitioner sought to amend its petition by inserting various limitations on the type of easement sought. The trial judge refused to permit the amendment after objections by the property owner. The judge had the view that the amendment came too late, that the jury had already inspected the property, that the appraisers had already prepared to testify on the basis of the description contained in the petition and in the order of taking, and, that it would be totally unfair to the property owner to permit the amendment at that late stage. These trial rulings are assigned as errors.
The point of the rulings simply was that Houston had described in its petition an unrestricted type of easement which would permit it at any time to enter upon and occupy the property for the purpose of constructing, maintaining and operating its pipeline. In view of the trial judge, which we think was sound, the petitioner Houston was bound by its own petition. Certainly any attempt by the owner to use or occupy the land in question would always be subject to Houston's right of entry and occupancy for the purposes stated in the easement. Any restriction on the extent of the easement should have been stipulated in the petition and in the order of taking. The attempt to do so by testimony at the trial without proper foundation in the pleadings came too late. The taking of an easement such as the one described in the petition was, for all practical purposes, tantamount to the taking of the fee with resultant severance damages. While it may be true that the naked fee title would remain in the property owner, the use of the property would be entirely committed to the control of the gas company. 18 Am. Jur., Eminent Domain, Section 251, page 889; Louisiana Power and Light Co. v. Simmons, 229 La. 165, 85 So.2d 251; Arkansas Power and Light Co. v. Norris, 221 Ark. 576, 254 S.W.2d 684; Nichols on Eminent Domain, 3rd Edition, Volume 4, Section 12.41; Orgel, Valuation Under Eminent Domain, 2nd Edition, Volume 1, pages 452-455.
*40 While the taking of an easement will not in all situations amount to the equivalent of a taking of the full value of the fee, the fact remains that in many situations it will be tantamount to the same. In the instant case the nature of the easement described in the petition and in the order of taking was unrestricted and unlimited. It authorized occupancy of the land at any time by the condemnor. The record here sustains the position of the trial judge to this effect.
Under Rule 1.15(e), Florida Rules of Civil Procedure, 30 F.S.A., the trial judge is authorized to permit amendments in furtherance of justice at any time. However, in doing so he exercises a sound judicial discretion. His conclusion to permit or refuse an amendment is measured by this standard and his judgment will not be disturbed in the absence of some demonstration that he has abused his discretion. In the instant case the trial judge gave numerous reasons for declining the amendment. After the trial had proceeded into the second day, and in view of the fact that the appellant had had numerous opportunities to amend its petition in the carly stages of the proceedings, long before the case came on for trial, the judge concluded that it would be unfair to the property owners to permit such substantial change in the middle of the trial. We can not find that he abused his discretion in so holding.
Finally, appellant contends that the verdict was excessive and was the result of numerous errors permitted by the trial court. We have reviewed the record in the light of this contention and find it to be without merit. As a matter of fact, the verdict was well within the limits of the testimony of expert witnesses. They were surprisingly in accord on the matter of the actual value of the land. The principal difference was their opinions as to severance damages, in view of the unrestricted nature of the easement which was being condemned. In condemnation cases a verdict which is alleged to be excessive will not be disturbed unless it is unsupported by facts, or is so extravagant as to indicate passion or prejudice. The verdict in the instant case is not subject to this criticism.
Finding no error in the proceeding, the judgment is affirmed.
It is so ordered.
ALLEN, C.J., KANNER, J., and THORNAL, CAMPBELL, Associate Judge, concur.