165 So.2d 255 (1964)
Foster F. CULBERTSON and Jessie L. Culbertson, his wife, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Leon County, a Political Subdivision of the State of Florida, Appellees.
No. F-69.
District Court of Appeal of Florida. First District.
June 18, 1964.
Rehearing Denied June 30, 1964.
*256 Douglass & Steinmeyer, Tallahassee, for appellant.
P.A. Pacyna, Asst. Atty., State Road Dept., and Hall, Hartwell & Hall, Tallahassee, for appellees.
STURGIS, Chief Judge.
This is an appeal from a final judgment in an eminent domain proceeding wherein the appellant-landowners' motion for a new trial was denied.
The appellants' answer admitted appellees' right to condemn the subject property for public use. Thus the sole issue on the trial was the amount of damages to be awarded as just compensation for the property taken.
In support of that issue the appellee-condemnors presented only one witness who solely on the basis of an examination and appraisal made approximately four months before the date of the taking, i.e., the date the suit was filed, testified that in his opinion a fair and just value of the property was $6,038.00. At the close of his testimony appellants moved to strike the same on the ground that it was incompetent because the appraisal was based on a valuation of October 1962, rather than the date of the taking.
Following denial of the motion to strike, the appellants, being impelled to proceed, produced two witnesses upon the issue of damages, one of whom assigned the damages as $9,510.00 and the other $10,000.00. The jury fixed the damages at $7,075.00. This, it is seen, is within the range of values assigned by the three witnesses.
There can be no taking of private property for public use without full compensation to the owner ascertained by a jury of twelve men in a court of competent jurisdiction. Article XVI, Section 29, Constitution of Florida, F.S.A. This comprehends that initially the duty of proceeding and the burden of proof rests on the condemnor to establish, as of the date of taking, the amount of the damages  "full compensation"  to be paid in the premises. There is nothing, therefore, for the landowner to rebut until he is faced with competent testimony on the part of the condemning authority, which brings us to the crux of this appeal.
The value to be afforded to the property owner is the value of the property at the time of taking (Yoder v. Sarasota *257 County, 81 So.2d 219 [Fla.]) which is determined by the date of the filing of the suit. That date in the instant suit was February 26, 1963, and the condemnors' challenged testimony relates to the value in October of 1962. There can be no mathematical standard on which to resolve the question of whether material error results from the admission in evidence over protest of testimony of the character here involved. The rule of reason must be applied to the facts peculiar to the particular case. For instance, the question of materiality of error, if any, depends to some extent on whether such was the only evidence presented by the condemning authority in support of the triable issues, as is the situation in this case. A factor to be considered is whether or not such evidence fairly permits the inference that there was no change affecting value between the date of the appraisal and the date of the taking. There is nothing in the evidence here challenged on which to draw any inference in that particular. Another factor material to the question of admissibility is the proximity between the date of the appraisal and the date of the taking. The appraisal made here four months before the taking is too remote to serve as a competent basis for the challenged testimony.
The effect of the error on the outcome of this case is apparent from the fact that the jury awarded damages in an amount less than the value testified by appellants' witnesses. Had the testimony of appellees' sole witness been excluded, there would have remained no basis upon which the jury could have returned a verdict for less than $9,510.00, the lesser amount according to the valuation of appellants' witnesses. It is obvious that procedures were available to appellees, even after the subject testimony was challenged, by which to cure the failure of proof with which they were confronted. In resolving the issue before this court we are obliged to view the subject in the light of the progress of the case at the time appellants moved to strike the testimony of appellees' witness. The subsequent testimony on behalf of appellants is of value to our conclusion only because it provides a basis from which to deduct that the challenged evidence materially affected the verdict of the jury.
It was material error to deny the motion to strike. Consequently, the judgment appealed must be and it is reversed with directions to grant a new trial.
WIGGINTON and CARROLL, DONALD K., JJ., concur.