191 So.2d 446 (1966)
Vinny C. SMITH, R.B. Council, Jr., J.M. Council, Sr., Winifred Edholm, Elmina C. Palmer, R.W. Edholm and H.F. Council, Appellants,
v.
CITY OF TALLAHASSEE, a Municipal Corporation Created and Existing under the Laws of the State of Florida, Appellee.
No. H-288.
District Court of Appeal of Florida. First District.
October 4, 1966.
*447 H.O. Pemberton, of Keen, O'Kelley & Spitz, Tallahassee, for appellants.
Roy T. Rhodes, City Atty., and Rivers Buford, Jr., Asst. City Atty., for appellee.
SACK, Judge.
Appellants, who were the property owners, appeal from a judgment awarding them compensation for the taking of an easement for drainage by the City of Tallahassee over their lands.
The appellants owned a relatively large tract of land in the City of Tallahassee, and the condemnation petition sought "a perpetual easement of rights of way for the right by said City to construct, operate and maintain as part of its drainage system, over, under and across the lands of the said Respondents", as described in the petition. (Emphasis supplied.)
It was the contention of the appellants that the highest and best use of the entire tract was for development as a shopping center, that the construction of the ditches would prevent or hamper access from bounding streets, and they would therefore suffer substantial severance damage. Their expert appraiser testified that the value of the land taken was $12,930.00 and the severance damage to the remainder would be $107,900.00, while the City's witness testified to a taking value of $3,550.00 and no severance damage. The jury verdict was $9,550.00.
Upon cross-examination of the owners' expert, counsel for the City started a line of interrogation calculated to show that if the owners bridged over the drainage ditch there would be ample access, so that there would be no severance damage. This interrogation was objected to, but the objections were overruled, the Court denied motions to strike the extensive cross-examination based on a hypothesis that the owners could bridge over the ditch, and denied a motion for mistrial. The trial Court's view was that the owners would have the absolute right to bridge over and provide access at reasonable times and places. We cannot agree.
In Houston Texas Gas & Oil Corporation v. Hoeffner, Fla.App. 1961, 132 So.2d 38, where an easement was taken for the construction, maintenance and operation of natural gas transmission lines, it was stated that, during the trial in the lower Court, Houston attempted to present testimony regarding the policy of the corporation to permit the fee owners of such land to continue making various uses of such land after condemnation. The trial judge refused to permit the proffered evidence, basing his refusal on the view that the extent of the estate which was being condemned should be that reflected by the petition and not contingent upon some nonobligatory policy which could be changed in the future. On the second day of the trial, the petitioner sought to amend its petition by inserting various limitations on the type of easement sought. The trial judge refused to permit *448 the amendment after objections by the proper owner. The judge had the view that the amendment came too late, that the jury had already inspected the property, that the appraisers had already prepared to testify on the basis of the description contained in the petition and in the order of taking, and, that it would be totally unfair to the property owner to permit the amendment at that late stage. These trial rulings were assigned as errors. The Second District Court of Appeal in affirming said:
"Certainly any attempt by the owner to use or occupy the land in question would always be subject to Houston's right of entry and occupancy for the purposes stated in the easement. Any restriction on the extent of the easement should have been stipulated in the petition and in the order of taking. The attempt to do so by testimony at the trial without proper foundation in the pleadings came too late. The taking of an easement such as the one described in the petition was, for all practical purposes, tantamount to the taking of the fee with resultant severance damages. While it may be true that the naked fee title would remain in the property owner, the use of the property would be entirely committed to the control of the gas company. 18 Am.Jur., Eminent Domain, Section 251, page 889; Louisiana Power and Light Co. v. Simmons, 229 La. 165, 85 So.2d 251; Arkansas Power and Light Co. v. Morris, 221 Ark. 576, 254 S.W.2d 684; Nichols on Eminent Domain, 3rd Edition, Volume 4, Section 12.41; Orgel, Valuation Under Eminent Domain, 2nd Edition, Volume 1, pages 452-455.
While the taking of an easement will not in all situations amount to the equivalent of a taking of the full value of the fee, the fact remains that in many situations it will be tantamount to the same. In the instant case the nature of the easement described in the petition and in the order of taking was unrestricted and unlimited. It authorized occupancy of the land at any time by the condemnor. The record here sustains the position of the trial judge to this effect."
This was substantially the situation here. An easement over, above and under the thirty foot ditch, effectively prohibited the required use by the owners without the consent of the City, which it could withhold or grant, at its will, with such restrictions or limitations as it wished. We cannot understand how the appellants could possibly go over the ditch in the light of the express terms of the taking. In 4 Nichols on Emiment Domain, § 12.41(2), the author summarizes the general rule:
"Privileges in the property taken, the enjoyment of which is not ordinary compatible with the exercise of the easement taken, cannot, however, be considered in awarding compensation unless they are formally established by the condemnation proceedings; privileges which are merely permissive and subject to revocation by the condemning party at any time cannot be availed of in reduction of damages, and in allowance of certain privileges as damages after a definite public easement has been taken is objectionable as a payment of compensation in a medium other than money."
In our opinion the erroneous line of questioning undoubtedly had the effect of leading the jury to the belief that the owners would be able to bridge over the ditch and thereby develop the remainder of their property with minimal or no severance damage.
Accordingly, the judgment below is reversed with instructions to grant a new trial and without prejudice to any amendment to the petition desired to be made by the City.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.