LILES, Judge.
Petitioner, West Coast Inland Navigation District, brought suit to acquire by condemnation a perpetual and assignable easement to intermittently and continuously enter upon and dig, cut away and remove any or *66 all the described property as may be needed or required for the construction and mainteance of a canal. The case was tried and the jury returned a verdict in favor of the property owner, appellant here, in the amount of $59,400.00. This appeal followed.
Appellant, property owner, contends that the taking was a fee rather than an easement and that it was error to allow testimony relating to the value of the fee remaining in the property owner. Appellant was the owner of a tract of land in excess of 400 acres, and appellees sought an easement consisting of approximately 76 acres, which easement generally bisected the property of the appellant. Expert testimony was adduced from witnesses for the appellant and for the appellee. The appellee’s appraisal witnesses, consisting of three in number, testified that the value of the easement to be taken was $31,300, $33,200 and $35,400, respectively. They arrived at these figures by showing that the full value of the land taken was $71,000; that fifty per cent of the value of the property remained in the appellee in one instance; in another instance, forty per cent of the value remained in the property owner; and in another instance, fifty per cent of the value remained in the property owner.
Appellant offered two expert witnesses who testified that the value of the easement taken left no remaining value in the fee and the practical effect of the taking of the easement would be an appropriation of the fee and this value was $164,725 and $195,000, respectively. They further testified that the severance damages to the property amounted to $371,500 and $682,802.50, respectively. Appellant contends that the trial judge erred in allowing testimony to show that the fee had a value and relies primarily on Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (D.C.A.Fla.1961), wherein this court upheld the trial judge’s refusal to allow petitioner, Houston, to amend its petition to include testimony regarding the policy of the corporation to permit the fee owner to continue making various uses of the land after condemnation. The trial judge refused to permit the proffered testimony basing his refusal on the view that the extent of the estate which was being condemned should follow the petition filed therein and should not be contingent upon some undetermined and changeable policy in the future. The court went on to say that the taking of that easement was tantamount to the taking of the fee since the nature of the easement described in the petition and in the order of taking was unrestricted and unlimited.
We do not have this situation in the instant case. Here the easement is a restricted easement, restricted to the construction and maintenance of a canal within the area covered by the easement. This means that the owner of the fee can make any use of the property he so desires which will not conflict with the appellee’s usage as a navigable canal. A more recent case, Smith v. City of Tallahassee, 191 So.2d 446 (D.C.A.Fla.1966), cites with authority the Houston case, supra. But there again the easement sought by the City of Tallahassee was unrestricted and “an easement over, above and under the thirty foot ditch, effectively prohibited the required use by the owners without the consent of the City, which it could withhold or grant, at its will, with such restrictions and limitations as it wished.” The court further said, “We cannot understand how the appellants could possibly go over the ditch in the light of the express terms of the taking.” In the instant case the only restriction is that such use shall not interfere with or be contrary to usage for navigation purposes. We believe the trial judge correctly allowed testimony to show that the remaining fee had a value. He freely and correctly allowed the property owner to show that the remaining fee had no value, and this question was submitted to the jury for their determination. They made that determination under proper instructions and we are unable to find error.
Appellant next contends that the court erred in permitting certain testimony introduced by appellee through appraiser, *67 Sam Caldwell, because he had not personally inspected the property until August 1965, when the date of the taking was February 20, 1964. Appellant cites Culbertson v. State Road Department, 165 So.2d 255 (D.C.A.Fla.1964), as authority for the alleged error. In that case the State Road Department used only one witness and there was a lapse of four months between the view and the date of testifying, and the court said this was too remote and should have been stricken. However, we believe the distinction here to be that the witness in the Culbertson case, supra, testified as to the value of the property on the day he inspected it rather than the date of the taking. In the instant case the witness testified as to the value of the property on the date of the taking not as to the value of the property on the day he inspected it, which obviously he could not have done since he had not inspected it upon the date of the taking but subsequently inspected it prior to the date of the trial. As suggested by appellee, even if it were error it was harmless error and went only to the weight that the jury should attach to such testimony. They could have and may very well have completely ignored this particular testimony since their verdict came within the evidence adduced by both appellant and appellee.
Appellant next contends that the trial judge erred in allowing testimony to show that a different access road to the property was being constructed for the purpose of mitigating damages. As stated above, this canal generally bisected appellant’s property, and the property bordering on the gulf and the remaining property were severed. This had the effect of cutting off the existing access to the gulf front property. Prior to the trial of this cause, appellee caused to be built an access to the gulf front property belonging to appellant. Testimony as to the building of this road was introduced by appellee. It does not appear from the record that the jury either used or did not use this fact in arriving at the amount of damages. However, in the absence of any prior Florida decisions going directly to this point, we do not believe error was committed in allowing evidence concerning this road. We take some comfort in the decision rendered in Anhoco Corporation v. Dade County, (Fla.1962) 144 So.2d 793; but rely more on the suggestion of appellee that many frontage roads have been constructed since our interstate program became a reality.
 We pass next to the question of enhancement. The general rule in Florida as well as statutory enactment clearly allows an offset against damage to adjoining and remaining land. Section 73.071(4), Florida Statutes, F.S.A., says:
“When the action is by the state road department, county, municipality, board, district or other public body for the condemnation of a road, canal, levee or water control facility right-of-way, the enhancement, if any, in value of the remaining adjoining property of the defendant property owner by reason of the construction or improvement made or contemplated by the petitioner, shall be offset against the damage, if any, resulting to such remaining adjoining property of the defendant property owner by reason of the construction or improvement, but such enhancement in the value shall riot be offset against the value of the property appropriated, and if such enhancement in value shall exceed the damage, if any, to the remaining adjoining property there shall be no recovery over against such property owner for such excess.” (Emphasis added.)
Appellant’s appraiser testified that there was no such benefit to the remaining property and that the severance damage caused by the taking of the easement was $371,500 and $682,820.50, respectively. The appel-lee testified that there was a special benefit to appellant’s property by virtue of the construction of the canal, and this question was properly submitted to the jury for their determination.
*68 Having carefully considered all points raised in the assignments of error and no error having been made to appear, the trial judge is affirmed.
ALLEN, C. J., and PIERCE, J., concur.