**SEGAL, et ux v. TAX ASSESSOR.**
No. 67-18804.

Circuit Court, Dade County.

April 15, 1968.

Melvin F. Frankel, Miami Beach, for the plaintiffs.

John G. Fletcher, Assistant County Attorney, for the defendant.

GENE WILLIAMS, Circuit Judge.

The above cause came on to be heard upon petitioners' application for the issuance of a peremptory writ of mandamus. Memoranda of law were submitted to the court by the parties, and the court having considered argument of counsel is fully advised in the premises.

The petitioners, William Segal and Rose Segal, applied to the respondent, W. Wirt Culbertson, as tax assessor of Dade County, for the testing of the 1967 tax valuation of their property under provisions of §193.271, Florida Statutes. Petitioners took the necessary initial steps set forth in this section, but the respondent informed them that he would not advertise and offer for auction their property. Respondent based this refusal on the contention that this section violates the Florida constitution in several respects.

Petitioners then applied for an alternative writ of mandamus, which was issued by this court, directing the respondent to comply with the provisions of §193.271, or show cause why he had not done so. Respondent filed his timely return setting forth, inter alia, that the section is violative of the Florida constitution.

After studying §193.271 and the contentions of the parties hereto, the court finds that the statute is violative of the Florida constitution, as providing for an unequal and non-uniform rate of taxation, and further violates the Florida constitution by unlawfully delegating the duties of the tax assessors of the state.

Article IX, §1, Florida constitution, provides, in pertinent part —

> "The Legislature shall provide for a uniform and equal rate of taxation . . . and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal . . ."

In Walter v. Schuler, 176 So.2d 81 (Fla., 1965), the Supreme Court held the words "just valuation", as used in the above quotation, to be synonymous with the words "fair market value". The court then stated —

"In other words assessment at more or less than [fair market value] would not accomplish 'just' valuation."

Property is required to be valued by the tax assessors, for ad valorem tax purposes, as of January first of the tax year. §192.04 and §193.11, Florida Statutes; Lanier v. Overstreet, 175 So.2d 521 (Fla., 1965). Each parcel of property is thus valued in relation to every other parcel of property. On the other hand §193.271 requires a property owner to place a value on his own property, then test his valuation by sale (or non-sale) of the property on a date other than January first of the tax year. To be precise the sale (or non-sale) will not, and cannot, be held until some time after the certification of the tax roll. The tax roll is not certified until the first Monday in October.

If the property does not sell at the assessor's auction, §193.271 requires the assessor to adopt the owner's statement of value as being the assessment valuation for the tax year. In other words the property is valued — if indeed this can be considered as "valuing" the property — in relation to the market (a forced market) sometime after October first of the tax year.

The courts are aware of the fluctuations in the value of property, as most affirmatively shown by Culbertson v. State Road Department, 165 So.2d 255 (Fla. App., 1964). Therein the First District Court of Appeal was concerned with the fair market value of property involved in eminent domain proceedings. An expert had testified as to the fair market value of the property as that value stood approximately four months prior to the date of taking. The District Court held that the appraisal must be of the date of taking, recognizing the fluctuations in value, and stating, at page 257 —

"The appraisal made here four months before the taking is too remote to serve as a competent basis for the challenged testimony."

The statute in question requires a "non-sale" valuation at least ten months after the legal assessment valuation date of January first of the tax year. Obviously the property will fluctuate in value over that period of time. The dates are far too remote to serve as comparables.

Thus the fair market value of a parcel on January first might be $10,000, while it might be $7,000 in October, due to a depressed market, a change in condition of the property, a change in financing rates and the availability of money. It is at this point that the requirements of a uniform and equal rate of taxation are observed to be violated.

The millage rate is determined at the time of certification of the tax roll. It is based on the total amount of taxable property. The millage rate for each governmental unit is the same throughout that unit. However, should the value of one parcel be determined as of a date other than January first, and be lowered after the millage rate is established, it becomes obvious that the effect is to provide for an unequal and non-uniform rate. This is more readily demonstrated mathematically —

| Parcel | Value-January 1 | Value-October |
|--------|-----------------|---------------|
| A | $10,000 | $7,000 |
| B | $10,000 | $7,000 |

If the millage rate of, for example, 10 mills, is applied to A's January first value, A pay $100 in taxes. If, however, it is valued as of October ($7,000) and the 10 mill rate is applied, A pays $70 in taxes. The latter is equivalent to 7 mills on his true *January first* value of $10,000.

B, who has not applied under §193.271, pays $100, or a rate of 10 mills.

Thus §193.271 indirectly provides for a non-uniform and unequal rate of taxation. The legislature cannot allow the indirect doing of an act prohibited by the constitution where that act cannot be done directly.

§193.271 also violates the various sections of the Florida constitution providing for the several county tax assessors and their duties — it is an unlawful and unconstitutional delegation of those duties.

The Florida constitution places the duty of tax assessment valuation on the tax assessors of the state. This duty cannot be delegated. Walter v. Schuler, 176 So.2d 81 (Fla., 1965); State v. McNayr, 133 So.2d 312 (Fla., 1961); and Freeze v. County of Pinellas, 146 So.2d 97 (Fla., 1962).

§193.271 allows a property owner to set the valuation of his property for tax assessment purposes. This valuation is affirmed if, at a forced sale, in a doubtful market, the property is placed

on the auction block and no bids are received. The legislature has thus attempted to delegate to the property owner the right to value his property.

Accordingly, for the foregoing reasons, it is ordered and adjudged as follows — (1) §193.271, Florida Statutes, is unconstitutional, null and void; (2) The application for a peremptory writ of mandamus is denied; (3) The alternative writ of mandamus heretofore entered in this cause is dissolved; (4) The parties hereto shall bear their own costs.