BOBBY JONES ET AL *v*. EDWARD TURNER

5-4540                                    426 S. W. 2d 401

Opinion delivered April 15, 1968

*W. F. Denman Jr.* and *C. E. Tilmon,* for appellants.

*Tompkins, McKenzie, McRae & Harrell,* for appellee.

PAUL WARD, Justice. In this litigation Edward Turn-

er, appellee, sought to collect damages to his truck allegedly caused by the negligence of an employee while servicing it at a filling station. The managers of the station were Bobby Jones and Larry Stafford, and Webster Henton was the employee—all appellants here.

In his complaint appellee alleged that he took his truck to the station to be serviced; that it was necessary for Henton to remove the plug from the oil pan, and that he negligently failed to properly replace the same; that a few days later, while driving the truck, the plug fell out, and allowed the oil to drain, and; that, consequently, the truck was damaged in the amount of $750. In their answer appellants denied the allegations of negligence and the extent of the damages.

The case was tried before the judge, sitting as a jury. At the close of appellee's testimony appellants moved for a dismissal of the plaintiff's case for the reason that any judgment would be based on speculation. The motion was denied, and then each of the appellants took the stand and testified. At the close of all the testimony the judge (as a jury) found in favor of appellee, and fixed the damages at $651.55.

On appeal appellants contend the judge erred in three respects. *One,* in refusing to grant the motion to dismiss; *Two,* in admitting expert testimony from a non-expert witness, and; *Three,* in failing to require appellee to meet the burden of proof.

*One.* The trial court was correct in refusing to dismiss at the close of appellee's testimony. When appellants' Motion was denied, they all took the stand and testified. By doing so they waived any alleged error. In *Grooms* v. *Neff Harness Company,* 79 Ark. 401, 96 S. W. 135, this Court said:

"The defendant may, however, at the close of the plaintiff's evidence, test its legal sufficiency by a

request for a peremptory instruction in his favor. If, after a denial of the request, he introduces evidence which, together with that introduced by the plaintiff, is legally sufficient to sustain the verdict, he waives the error of the court in refusing to give the instruction."

The *Grooms* case was cited with approval in *Fort Smith Cotton Oil Co.* v. *Swift & Co.*, 197 Ark. 594 (p. 598), 124 S. W. 2d 1.

*Two.* It is here contended by appellants that the trial court erred in considering the testimony of B. F. Willingham, a witness for appellee who had approximately 39 years experience as an auto mechanic, and who was familiar with this particular truck. He was familiar with the oil pans and the plugs on similar trucks. It was his opinion that the plug came out of the oil pan in this instance because it "just wasn't properly tightened". Q. "Do you have an opinion that one can come out under any circumstances"? A. "I have. Let me say that if the plug was properly tightened at the time he changed oil, it would have stayed there forever."

It is our conclusion that the court had a right to consider this testimony. In *Lee* v. *Crittenden County*, 216 Ark. 480 (p. 485) 226 S. W. 2d 79, this question arose out of what caused a temporary structure to fall. There, this Court said:

"From the above, we hold that the court did not abuse its sound discretion in permitting witness Goodwin to testify and express his opinion or expert judgment, in the circumstances, for the reason that he had shown himself to possess sufficient qualifications and information to qualify him to state an inference or give his expert judgment."

To the same effect see *Arkansas Power & Light Co.* v. *Morris,* 221 Ark. 576, 254 S. W. 2d 684 and *Ratton* v.

*Busby,* 230 Ark. 667, 326 S. W. 2d 889.

*Three.* In our opinion the record contains substantial evidence to support the judgment of the trial court, sitting as a jury. Except for the testimony of Willingham referred to above, appellants do not challenge other testimony on behalf of appellee. This "other" testimony was to the effect that no one touched the "plug" after it was·inserted by Henton.

*Cross-Appeal.* We find no merit in appellee's contention that the trial court erred in fixing the damages at $651.55 instead of $750—the amount asked for in his complaint. Willingham who was appellee's own witness, upon recall, stated to the court that the damages amounted to $651.55. This testimony was not denied and we think it constitutes substantial evidence to support the finding of the judge—sitting as a jury.

Therefore, the case is affirmed on direct and cross-appeal.

BYRD, J., concurs.