### BESSEMER PROPERTIES, Inc. v. TAX ASSESSOR, et al.

No. 66-C-13792

Circuit Court, Dade County.

November 27, 1968.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for plaintiff.

Thomas C. Britton, County Attorney, and Stuart L. Simon, Assistant County Attorney, for defendants.

HARVIE S. DuVAL, Circuit Judge.

*Summary final judgment:* This cause came on to be heard, after due notice, on plaintiff's motion for summary judgment. Having considered the pleadings, the deposition of the former tax assessor, and exhibit attached thereto, and having heard arguments of counsel, the court finds and determines there is no genuine issue as to any material facts and that plaintiff is entitled to final judgment as a matter of law. Accordingly, plaintiff's motion for summary judgment is hereby granted.

This action of an equitable nature was timely filed under and pursuant to the provisions of §196.01, Florida Statutes. Plaintiff challenges the legality of the assessed valuation of its real property appearing on the 1966 tax roll. The subject property, as particularly described in the complaint, consists of the lands upon which the Jordan Marsh Store, 1501 Biscayne Boulevard, Miami, is

located, together with adjacent lands utilized for parking facilities in connection with the operations of the store.

The material facts are uncontroverted. The tax assessor, on August 18, 1966, duly assessed plaintiff's property at the aggregate sum of $4,501,300. By letter, the tax assessor confirmed that said sum constituted the assessed valuation of the subject property. Through inadvertence and administrative error, the tax assessment made by the tax assessor was not placed on the tax roll. The subject property was erroneously listed on the tax roll at an assessed valuation of $5,451,810, which was $950,510 in excess of the assessed valuation arrived at by the tax assessor. This error in the assessment was not discovered until after the tax roll had been certified and the tax notices issued. The tax assessor endeavored to correct the tax roll so that it would reflect the proper assessed valuation of the subject property, but he was not permitted to do so.

By reason whereof, plaintiff was compelled to institute this action. Pursuant to the provisions of §196.01, Florida Statutes, plaintiff tendered the full amount of 1966 taxes admitted to be due and legal, based on the assessed valuation of $4,501,300 made by the tax assessor. Pursuant to order of court entered herein on December 30, 1966, the tax assessor was required to accept and receive payment of the amount of taxes admitted to be due and legal and to make distribution thereof.

The assessed valuation of the subject property shown on the 1966 tax roll is invalid and contrary to law, in that it is not the assessment made by the tax assessor and does not constitute just valuation of the subject property, as determined by the tax assessor. Such assessment does not reflect the judgment of any taxing officials authorized to make assessments for ad valorem tax purposes. Therefore, it is a nullity and the legality thereof cannot be sustained.

As pointed out by this court in Segal v. Tax Assessor, 30 Fla. Supp. 32 (1968), the Florida Constitution places the duty of tax assessment valuation on the tax assessor, and such constitutional duty cannot be delegated. Walter v. Schuler (Fla. 1965), 176 So.2d 81; State v. McNayr (Fla. 1961), 133 So.2d 312; and Freeze v. County of Pinellas (Fla. 1962), 146 So.2d 97. In the present case, the former tax assessor, who was vested with the legal duty and authority to make the 1966 assessment of the subject property, says that the assessed valuation appearing in the 1966 tax roll is not the assessed valuation made by him, and that he attempted unsuccessfully to correct the erroneous assessment appearing on the tax roll. Mistakes of the nature here involved may be corrected on the tax roll at any time, in order to make the tax roll speak the

truth. State ex rel. Ranger Realty Co. v. Lummus, 149 So. 650. There is not involved in this cause any conflict between an assessed valuation made by the tax assessor and an equalized assessment made by the board of equalization. The challenged assessment simply is not the assessment made by the tax assessor. It was not considered by the board of equalization. The plaintiff was not afforded an opportunity for equalization; plaintiff relied upon the written notice given by the tax assessor that the sum of $4,501,300 constituted the assessed valuation of the property involved. Under the circumstances, plaintiff was entitled to rely upon such notice. On the basis of the uncontroverted facts, there is no basis upon which the assessment of $5,451,810 can be sustained.

It is thereupon ordered and adjudged — (1) The lawful assessed valuation of plaintiff's real property involved herein, as particularly described in the complaint, for the 1966 tax year is the aggregate sum of $4,501,300. (2) The 1966 assessment of the subject real property in the sum of $5,451,810 is invalid, and to the extent that such assessment exceeds the aggregate sum of $4,501,300 it is hereby set aside. (3) The Dade County Tax Collector shall forthwith make and deliver to plaintiff an appropriate receipt certifying and evidencing full payment of all 1966 ad valorem taxes imposed upon all the real property involved in this cause and particularly described in the complaint; and the Dade County Tax Assessor shall correct the assessment records to show that the sum of $4,501,300 constitutes the proper assessed valuation of the subject property for 1966. (4) The preliminary injunctive order entered herein on October 30, 1966, is confirmed and ratified, and the defendants are permanently enjoined and restrained from attempting to enforce, effectuate or in anywise asserting said invalid and illegal assessment of $5,451,810 against the subject real property.