JOHNSON, Judge.
This is an appeal from a final judgment in an eminent domain proceeding in which appellants, the condemnees, were awarded, pursuant to jury verdict, the sum of $27,-200.00 for land taken by appellee.
Appellee filed eminent domain proceedings against numerous parties for the taking of land to be used for the Eureka Reservoir. At the trial of this cause, it was established that appellants owned an L-shaped tract of land totalling approximately 117 acres, of which 60.37 acres were taken by appellee. Said sixty acres had a total frontage on the Oklawaha River of about 1,700 feet. Two appraisers testified as to the value of the parcel owned by appellants.
Appellants’ appraiser opined that just compensation to appellants was $47,250.00. This figure was based upon a market value of $550.00 per acre for the 60.37 acres taken ($33,000.00) and severance damages of $250.00 per acre for the remaining 57 acres ($14,250.00). The severance damages to the remainder resulted from the fact that after the taking, appellants’ parcel would simply be flatwoods pine land, with no waterfront access.
*233 The appellee’s appraiser, Levie D. Smith, felt there would be no severance damage to the remaining land of appellants because, while the property fronted on the Oklawa-ha River before the taking, the remaining property would front on the Eureka Pool after the taking. Smith’s appraisal of just compensation was $27,200.00, $450.00 per acre for the 60.37 acres taken.
During the course of these proceedings by appellee, the trial court ruled that appellee would not be permitted to introduce evidence with respect to its proposed policy of allowing limited access across the 300 foot collar of land included within the taking and fronting on the Eureka Reservoir. As the petition, declaration of taking and order of taking were all absolute in their terms, vesting in appellee fee simple title, the appellee could not base its appraisal upon a policy of allowing access to the pool, as such access would be conditioned upon the benevolence of appel-lee.
Nevertheless, appellee’s appraiser Smith testified that when he made his original appraisal on appellants’ parcel, it was based in part upon the assumption that there would be limited access by appellants across the 300 foot collar leading to the pool. This assumption continued up to the time of trial. After the trial court’s ruling that an appraisal based upon access to the pool would not be permitted, Smith, continued to adhere to his original opinion that there would be no severance damages to the remaining parcel owned by appellants. While admitting that waterfront property generally has a value at a premium as compared with non-waterfront property, and that, before the taking, appellants owned a fee simple absolute title down to the Oklawaha River, a navigable river, which they would not enjoy after the taking, Smith testified that this loss of title and access to the River would not damage appellants’ remaining parcel one iota. Appellants’ motion to strike Smith’s entire testimony upon the grounds that it constituted an appraisal based upon an assumption that was inconsistent with the petition and Order of Taking was denied. We think this denial constituted reversible error.
It is established law that privileges in the property taken, (in this case, access to a body of water) the enjoyment of which is not. compatible with the exercise of the title taken (here, a fee simple absolute) by the condemning authority, cannot be considered in awarding compensation unless they are formally established by the condemnation proceeding. Privileges, such as a right of access to the pool, which are merely permissive and subject to revocation by the condemning party at any time cannot be availed of in reduction of damages. 4, Nichols on Eminent Domain, § 12.41(2); Smith v. City of Tallahassee, 191 So.2d 446 (Fla.App. 1st, 1966). Any restriction on the extent of the taking should be stipulated in the petition and the Order of Taking, for the condemnor is bound by these instruments. Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla.App. 2nd, 1961).
In the case sub judice, Smith’s original appraisal was based upon an assumption of access across the property taken. Accepting the general rule that waterfront property is valued at a premium, it is incomprehensible to this Court how the removal of that assumption of access could result in the same appraisal of the appellants’ remaining property. Smith testified that there would be no severance damages to the remainder because the remaining property still fronted on a body of water after the taking. Said statement was misleading and confused the jury, for it cannot be said that owning fee simple absolute title to the water’s edge is the same as owning fee simple absolute title to a point 300 feet from the water’s edge with intervening fee simple absolute title vested in another. If an underlying premise upon which a conclusion is based fails, the conclusion itself must necessarily fail. It appearing that Smith’s testimony and appraisal regarding severance damages was *234 based upon an erroneous concept of law, we conclude and so hold that it was error for the trial court not to strike such testimony.
The judgment appealed is reversed and the cause is remanded for a new trial not inconsistent with the views herein expressed.
Reversed and remanded.
SPECTOR, C. J., and RAWLS, J., concur.