PER CURIAM.
Appellant, Carvel Corporation, seeks reversal of a judgment for damages based upon a jury verdict in an eminent domain proceeding. Appellant contends the jury’s damages verdict was inadequate because of erroneous evidentiary rulings by the trial court. Appellant urges several grounds for reversal, however only one ground merits discussion.
Appellant attacks appellee’s appraisal testimony as being based on an erroneous premise and contends that it should have been excluded under authority of Peebles v. Canal Authority, 254 So.2d 232 (Fla. 1st DCA 1971). Appellee’s appraiser testified that the current zoning of the property was agricultural. The appraiser also stated that the highest and best use of the property was a commercial — residential combination and that he based his opinion of the *49 property value on that commercial — residential use. In Peebles the appraiser based his conclusion of the value on the premise that the remainder property after the taking would be waterfront. The uncontroverted evidence in that case, however, indicated that the closest water would be 200 feet from the edge of the remainder property. The Peebles court held it to be error not to strike that opinion.
The rule of Peebles simply does not require exclusion of appellee’s appraisal testimony in the instant case. Appellant’s other contentions are likewise without merit. No reversible error having been demonstrated, the judgment appealed is AFFIRMED.
ANSTEAD and DELL, JJ„ and GEIGER, DWIGHT L., Associate Judge, concur.