PER CURIAM.
We reverse and remand the final judgment entered in this condemnation proceeding on the authority of Central and Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974), cert. denied, 310 So.2d 745 (Fla.1975), which upheld the admissibility of a condemning authority’s plans and specifications for the public works project requiring condemnation in order to determine the extent of taking and the damages caused thereby. In this case the condemn- or sought to secure “perpetual underground utility easements ... under, across and over” a portion of appellees’ property. The appellees successfully contended below that this taking amounted to an acquisition of the complete legal interest in the property which would make the contents of the plans and specifications irrelevant to a determination of damages. Houston Texas Gas & Oil Corp. v. Hoeffner, 132 So.2d 38 (Fla.2d DCA 1961), cert. denied, 136 So.2d 349 (Fla.1961).
Notwithstanding our reversal we believe that the issue raised is one of great public importance because of the substantial interests of the landowners and the governmental bodies involved. In this case, for instance, the underground easement was originally valued by the condemnor at $19,-000.00 while the total award eventually entered by the trial court amounted to $676,-344.97. In light of this substantial disparity and the unsettled posture of appellate law we certify the following question to the Florida Supreme Court for resolution, should the parties seek further review:
IS A CONDEMNING AUTHORITY WHICH SEEKS A PERMANENT UNDERGROUND UTILITY EASEMENT TOGETHER WITH THE NECESSARY ABOVE GROUND USES TO CONSTRUCT AND MAINTAIN SUCH UTILITIES, ENTITLED TO INTRODUCE INTO EVIDENCE THE PLANS AND SPECIFICATIONS REFLECTING THE DETAILS OF THE UTILITY PROJECT BEFORE THE JURY DETERMINING THE DAMAGES TO WHICH THE PROPERTY OWNER IS ENTITLED?
ANSTEAD, DELL and WALDEN, JJ., concur.