# ARKANSAS STATE HIGHWAY COMMISSION *v.*
## Selma PULLEN et al

5-4398                                    421 S. W. 2d 890

Opinion delivered December 18, 1967

*John R. Thompson, Thomas B. Keys* and *Billy Pease,* for appellant.

*Williams & Gardner,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal is from a judgment awarding compensation in an eminent domain case and is based on two alleged errors of the trial court. The first contention is that the court erred in failing to enter a consent judgment The second is that the trial court erred in excluding testimony of an expert witness offered by appellant as to value of the lands remaining.

Appellant states that it had an agreement with five of the seven alleged owners-defendants with reference to the amounts to be recovered by each of them as just compensation for the taking of the right-of-way. It further states that the agreement was incorporated into a precedent for a consent judgment. While the record discloses the objection of appellant's attorney to the court's failure to enter a consent judgment before the commencement of the trial, we find nothing whatever in the record to disclose the content of the proposed judgment, the terms of the agreement, or the parties thereto. There is not even anything to show that there was an agreement between these landowners and appellant. We have only the statement of appellant's attorney that five of the defendants had agreed to accept the amount deposited by appellant as estimated just compensation. This statement was made in the course of his objections to the trial judge. The colloquy between appellant's attorney and the trial judge discloses that a jury trial in this matter was about to commence. The judge indicated that the judgment would be signed after the jury retired. There is nothing to indicate that such a judgment was presented to the trial judge at the time suggested by him. Under these circumstances, we are unable to say that there was any error committed by the trial court.

A. R. Jordan, a witness offered by appellant, stated that he had been familiar with the Pullen lands for about six years before the taking. He possessed adequate professional qualifications as an expert on real estate values in the vicinity of these lands. He stated that he had passed the property two or three times per day since he became familiar with it. Seven months after the tak-

ing he inspected the lands for the first time. His only direct familiarity with the improvements on the property was gained from his observation in passing by the property on the highway and a county road. Between the time of the taking and his inspection of the property, certain improvements had been removed from the property. The witness stated that by investigation he obtained information as to the improvements that had been on the property. While a statement was made by appellant's counsel indicating what the witness would state as to the land values before and after the taking, there is no indication whatever as to the source of his information or as to what information his investigation revealed, except for a statement that he had the advantage of certain maps and plats which were not identified. It should be noted that objection was not addressed to a hypothetical question based on appropriate factual assumptions nor did appellant's attorney offer to ask such a question. While it is not always necessary for an expert on real estate values to have been personally familiar with land and its improvements before the taking of a part thereof by eminent domain, he must establish adequate familiarity with the property before he can express his opinion. *Malvern & Ouachita River RR Co.* v. *Smith,* 181 Ark. 626, 26 S. W. 2d 1107; *Bridgman* v. *Baxter County,* 202 Ark. 15, 148 S. W. 2d 673; *Arkansas State Highway Commission* v. *Johns,* 236 Ark. 585, 367 S. W. 2d 436. An expert witness, as well as a non-expert, may not express an opinion unless it is shown that he has information upon which it may reasonably be based. *Puryear* v. *Puryear,* 192 Ark. 692, 94 S. W. 2d 695. The trial judge has the responsibility for determining, in his discretion, whether such a witness possesses sufficient familiarity with the affected property to make his opinion of values thereof proper as an aid to the jury in awarding just compensation. *Puryear* v. *Puryear, supra;* *Bridgman* v. *Baxter County, supra; Ball* v. *Independence County,* 214 Ark. 694, 217 S. W. 2d 913. We will not reverse the action of the trial judge in the exercise of his discretion in the matter unless there has been an

abuse thereof, even though we might have decided differently if the case were presented to us in the first instance. *Arkansas Power & Light Co.* v. *Morris,* 221 Ark. 576, 254 S. W. 2d 684; *Arkansas State Highway Commission* v. *Kennedy,* 233 Ark. 844, 349 S. W. 2d 132. We are unable to say that there has been an abuse of the trial judge's discretion in this case.

Appellant urges, however, that the trial judge's ruling was not based on the witness's lack of familiarity with the improvements but on the remoteness of the witness's inspection. Appellees objected to the witness stating his value opinion after appellant had examined him as to his qualifications and familiarity with the property and the manner of arriving at his appraisal values. The trial judge then called a conference in chambers. After a discussion both on and off the record, the trial judge stated that a question had been raised and objection made that, based upon Jordan's entire testimony, he was not competent to give an appraisal as to the value of the property at the time of the taking. The judge then stated that he sustained the objection. It seems clear that the court's ruling was based on the question of sufficiency of the information of the witness, as his professional qualifications seem to be beyond question.

While appellees renewed their previous motion to dismiss this appeal, we find it unnecessary to reconsider that matter in view of the disposition we make of this case.

The judgment is affirmed.

BYRD, J., dissents.