IRENE BARFIELD SANDERS, Plaintiff in Error, v. MATTIE McNATT, Defendant in Error.—430 S.W.(2d) 797.

Western Section, at Jackson. March 25, 1968.

Certiorari Denied by Supreme Court July 1, 1968.

William I. McLain, Memphis, for plaintiff in error.

Leonard E. Van Eaton, Memphis, for defendant in error.

BEJACH, J. In this cause, defendant, Irene Barfield Sanders, appeals in error from the verdict of a jury and judgment thereon in the amount of $6,200 recovered in the Circuit Court of Shelby County. In this opinion, the parties will be referred to, as in the lower court, as plaintiff and defendant, or called by their respective names.

Plaintiff was injured in an automobile accident which occurred on or about February 1, 1965 at the intersection of South Bellevue and Rosewood in Memphis, Tennessee. Plaintiff was riding as a passenger in a 1955 Oldsmobile automobile owned and driven by Mattie Ruth Cruse. As is alleged in plaintiff's declaration, as that automobile ap-

proached the intersection of South Bellevue and Rose-
wood, the driver, Mattie Ruth Cruse, brought the auto-
mobile to a stop so that she might make a left turn from
South Bellevue onto Rosewood, and while the automobile
was stopped, it was suddenly struck from the rear by a
Chevrolet automobile, owned and operated by Janet
Sherman Medlock; and, seconds later, the automobile
operated by Mrs. Medlock was struck in the rear by a
Ford automobile owned and operated by Mrs. Irene Bar-
field Sanders. Plaintiff brought suit against both Mrs.
Medlock and Mrs. Sanders. She recovered a verdict and
judgment against both of them for $6,200. Motions for
new trial were seasonably made by both Mrs. Medlock
and Mrs. Sanders, and after said motions had been over-
ruled, both Mrs. Medlock and Mrs. Sanders prayed ap-
peals in the nature of writs of error. The appeal of Mrs.
Medlock was not perfected, but that of Mrs. Sanders was.

In this Court, as appellant, defendant, Mrs. Sanders,
has filed thirteen assignments of error. We will dispose
of them separately. Counsel for defendant takes up the
first and eighth assignments and discusses them together.
We will do the same.

 Assignment 1 is: "There was no evidence to
support the verdict", and Assignment 8 is: "The Court
erred in declining to grant the motion for directed verdict
in favor of the defendant, Irene Barfield Sanders, made
by said defendant at the conclusion of all the evidence."
The basis for defendant's contention that there is no
evidence to support the verdict is that plaintiff, herself,
made conflicting statements which cancelled themselves
out, and, therefore, according to defendant's contention,
left no evidence to support the verdict in plaintiff's
favor. Also, defendant contends that statements made

by plaintiff were incredible and therefore not to be considered as material evidence. These contentions are not, in our opinion, well taken. The rule requiring testimony of witness to be disregarded, if witness contradicts himself on cross examination with respect to crucial facts, contemplates a case where a witness both specifically affirms and specifically denies same proposition with no explanation of the inconsistency. Davis v. Mitchell, 27 Tenn.App. 182, 178 S.W.2d 889. The credibility of the witness was for the jury to determine. Defendant contends that her automobile struck that of Mrs. Medlock so lightly that the Medlock car hardly touched the automobile in which plaintiff was riding, and, consequently, that whatever injuries, if any, were sustained by plaintiff must have resulted alone from the collision of the Medlock car with the car in which plaintiff was riding. In making this contention, defendant's counsel ignored the fact that Officer J. C. Davis testified that at the scene of the accident he interviewed all of the drivers, including the defendant, Mrs. Sanders, and that all of the drivers agreed that there were two accidents, and that the automobile driven by the defendant, Mrs. Sanders, struck the rear of the automobile driven by Mrs. Medlock and knocked it back into the rear of the automobile of Mrs. Cruse, in which plaintiff was a passenger. Assignments of Error 1 and 8 are overruled.

By assignments of Error 2 and 3, defendant complains that the trial court did not permit defendant's counsel to cross examine Memphis Police Officer J. C. Davis with reference to damage to the Medlock car and the Cruse car in the first collision, and with reference to whether the accident report made by him showed any damage to the front of the Medlock automobile in the

second collision. The record indicates that the only restriction placed on the cross examination, as objected to, was that the police officer was not permitted to estimate in dollars and cents the damage done to the automobiles, but was permitted to describe what parts of the automobiles involved were damaged and in what manner. We think the facts were adequately developed and Assignments of Error 2 and 3 are overruled.

By Assignments of Error 4, the defendant complains that the trial court erred in refusing to permit counsel for defendant, Irene Barfield Sanders, to read the entire signed, written statement of Mattie McNatt and Hattie Ruth Cruse during defendant's attorney's direct examination of said Hattie Ruth Cruse. What occurred with reference to this statement was that when counsel for defendant asked permission to read the statement to the jury, the Court said to him, "I will let you go ahead and read it. However, I will have to explain to the jury that you have an issue of fact on the statement as to whether or not she understood it, and whether she was present or not, the plaintiff, that is." In view of the fact that the entire statement had already been read to the jury, we cannot see wherein defendant was prejudiced by this ruling. Assignment of Error 4 is overruled.

By Assignment of Error 5, the defendant complains because the Court refused to permit defendant's counsel to cross examine his own witness, Hattie Ruth Cruse, after cross examination by counsel for plaintiff had brought out a discrepancy in her testimony.

The record discloses the following:

MR. McLAIN: If your honor please, in view of the testimony of this witness, I want to ask the Court to let

me cross-examine the witness with respect to certain matters developed.

MR. VAN EATON: I don't think that is proper. This is his witness. He is seeking to impeach her.

MR. CAUSEY: If Your Honor please, he says he wants to cross-examine her. That was the reason for my original objection because I knew what we were headed for. That was my objection.

THE COURT: I will let Mr. McLain examine the witness, but of course he is going to be governed by the rules governing direct examination and not cross-examination.

MR. McLAIN: If your Honor please, may I make an observation? Of course the rules of examination of witnesses both on direct and cross examination includes this rule also: That if counsel is surprised by the testimony of the witness, counsel then has a right to cross-examine the witness. I respectfully submit that the rules of examination * * *

THE COURT: (Interposing) Mr. McLain, I have tried many lawsuits and cross-examination may or not have a contradiction in the testimony of witnesses. In any case, where cross examination does reveal discrepancies that doesn't permit the party introducing the witness to come back and cross examine the witness.

MR. McLAIN: Generally that is true, Your Honor, but where counsel is surprised I think that is a different matter and I think that is involved here.

THE COURT: I am going to permit you to examine the witness, but I am not going to permit you to cross

examine the witness. You are going to be governed by the same rules as you were when you introduced the witness.

MR. McLAIN: Note my exception.

We cannot see that the trial judge abused his discretion. Assignment of Error 5 is overruled.

■ By Assignment of Error 6, defendant complains that the court erred in permitting counsel for plaintiff and counsel for defendant, Mrs. Medlock, to cross examine defendant's witness, Theo Leathers, concerning information he received from his insured, the report of his insured to the agent for the insurance company, and the name of the insurance company for the defendant, Irene Barfield Sanders. The record discloses that the first reference to "our insured" was made voluntarily by this witness, during his direct examination as a witness for defendant. Indeed, it appears from the record that when the witness, Leathers, was offered on behalf of defendant, Irene Barfield Sanders, the third question asked by Mr. McLain, counsel for defendant, Mrs. Sanders, was, "By whom are you employed?", to which the witness replied, "The Tennessee Farmers Mutual Insurance Company", and the next question was, "In what capacity?", to which he replied, "I am claims representative." It thus appears that the connection of this witness with an insurance company, and his investigation of the case, was injected into the lawsuit by defendant's own counsel. The record indicates no effort on the part of plaintiff to persistently refer to insurance. Assignment of Error 6 is overruled.

■ The argument that the question of insurance was persisted in after objection had been sustained by the court, is not supported by the record. Counsel for defend-

ant, Sanders, now contends that the reference to insurance now complained of, made it clear to the jury that the defendant, Sanders, had insurance, but that the defendant, Medlock, did not. No such conclusion is, in our opinion, indicated. On the contrary, the fact that the jury returned its verdict against both Mrs. Medlock and Mrs. Sanders tends to refute this argument of defendant's counsel, and indicates that the verdict of the jury was not influenced improperly by considerations of whom, if either, of the defendants had insurance.

 Assignment of Error 7 complains that the trial judge erred in declining to grant a mistrial, motion for which was made by counsel for defendant, Sanders, or to rule on that motion. The motion in question was made in the presence of the jury at a time when counsel for defendant, Sanders, was arguing over the admissibility in evidence of the statement signed by plaintiff and by Mrs. Cruse. The court excused the jury, so as to permit further argument by counsel over the admissibility of that statement outside the presence of the jury, after which, when the jury was recalled, he adhered to his former ruling. Apparently, he forgot that a motion for mistrial had been made. If not, his failure to rule on that motion must be treated as having the same effect as overruling it, and may be considered by us as an effort on the part of the judge to spare the personal feelings of counsel for defendant. Apparently, counsel for defendant, Mrs. Sanders, had had several more or less heated discussions with the judge. No sufficient reason appears to us for asking for a mistrial; and whatever the judge's reason was for not ruling on the motion, such failure to rule presents, in our opinion, no ground for reversal of this cause. Assignment of Error 7 is overruled.

■ Assignment of Error 9 complains that the court erred in permitting counsel for plaintiff to improperly argue to the jury that plaintiff did not go to a doctor until almost three months after the accident. Defendant's counsel contends that such argument suggested poverty of the plaintiff, and improperly appealed to the sympathy of the jury. The judge did not think so, and overruled the objection to the argument. We cannot see that the judge abused his discretion in the matter. Assignment of Error 9 is overruled.

■ Assignment of Error 10 complains that the court erred in charging the jury:

"Gentlemen, what I am going to say to you now I state to you under the instructions given if you find plaintiff sustained a compensable injury as a direct and proximate result of the negligence of each of the defendants, then whatever sum you award the plaintiff as damages must be awarded against both defendants."

Previous portions of the judge's charge had instructed the jury with reference to the plaintiff's right to recover from either or both of the defendants if the proof sustained the allegations of plaintiff's declaration with reference to joint, concurring or successive acts of negligence on the part of the two defendants. In our opinion, this supplemental instruction given, as was stated, for the sake of clarity, was merely to advise the jury that it could not give a larger verdict against one of the defendants than against the other. Assignment of Error 10 is overruled.

■ By her Assignment of Error 11, defendant claims that the trial judge erred in declining to give to the jury the following special instruction:

"The court further instructs you, the jury, that it is the theory and contention of the defendant, Irene Barfield Sanders, that when she collided with the automobile being operated by her codefendant, Janet Sherman Medlock, the collision and impact were confined solely to those two vehicles, and the automobile driven by said codefendant was not thereby knocked into the rear of the vehicle owned and operated by Hattie Ruth Cruse, and therefore, any injuries, damages, losses, or expenses sustained by the plaintiff necessarily resulted from the prior collision between the automobile being operated by said codefendant, Janet Sherman Medlock and the vehicle owned and operated by the said Mattie Ruth Cruse with which the defendant, Irene Barfield Sanders had nothing whatever to do."

The theory of the defendant, Irene Barfield Sanders, had been adequately stated in the general charge of the judge, and, consequently, there was no error in refusing this special instruction. Assignment of Error 11 is overruled.

Assignment of Error 12 complains that the court erred in declining to charge the following special instruction requested:

"The court further instructs the jury that if you find the plaintiff sustained a compensable injury as a direct and proximate result of the negligence of only one of the defendants, then whatever sum you award the plaintiff as damages must be awarded against that defendant only."

The trial judge's supplemental instruction complained of by Assignment of Error 10 had already covered the subject matter of this special instruction, and in our

opinion, better than would have been accomplished by this special instruction, if same had been given.

It necessarily follows that the trial judge did not err in refusing this special instruction. Assignment of Error 12 is overruled.

Assignment of Error 13 complains that the verdict is excessive and is so excessive as to indicate unaccountable passion, prejudice or caprice on the part of the jury. We find no merit in this assignment of error. The jury was the proper tribunal for ascertaining the amount of damages to be awarded, and when the amount awarded by the jury has been approved by the trial judge, we seldom find reason for changing that award. We find no such reason in the instant case. Assignment of Error 13 is overruled.

With all of defendant's assignments of error overruled, the judgment of the lower court will be affirmed. Judgment may be entered here in favor of plaintiff, Mattie McNatt, against defendant, Irene Barfield Sanders, for $6,200, plus interest at six percent per annum from February 23, 1967, the date on which defendant Irene Barfield Sanders' motion for new trial was overruled. Judgment may also be entered against defendant Irene Barfield Sanders and her surety on the appeal bond for costs of the appeal.

Avery, P. J. (W.S.), and Carney, J., concur.