## ARKANSAS STATE HIGHWAY COMMISSION
### *v.* Harold C. Jensen et al

5-6124                                          489 S.W. 2d 5

Opinion delivered January 15, 1973

*Thomas B. Keys* and *Phillip N. Gowen,* for appellant.

*Comer Boyett Jr.* and *Dale Price,* for appellees.

Frank Holt, Justice. Appellant condemned for highway purposes 27.37 acres of a 119 acre tract of land which was part of appellees' 279 acre dairy farm. Various improvements including two homes, a dairy barn and related outbuildings were included in the taking. At trial, appellees' two expert value witnesses, Claude Wilson and Terrill Huff, estimated appellees' damages at $107,680 and $97,098 respectively. Appellant's two value witnesses estimated the damages sustained were $41,525 and $40,000 respectively. The jury returned a verdict of $70,000. For reversal, the appellant contends that the court erred in refusing to strike the testimony of Wilson on the ground that he had given no fair and reasonable basis for his testimony. We must agree with appellant.

Wilson, a realtor and an experienced real estate appraiser, in arriving at his before the taking value, testified

as to the following values of the improvements: milk barn with equipment—$15,000, hay barn—$5,000, two homes—$12,000, shed, 3 wells, lots, driveways, corrals and fences—$4,500, making a total of $36,500. However, Wilson candidly admitted on cross-examination that he didn't inspect the improvements or measure the square footage of the buildings which have been removed for some time. In fact, he testified that he wasn't familiar with the Jensen farm prior to the taking except casually viewing it from the highway. "While it is not always necessary for an expert on real estate values to have been personally familiar with the land and its improvements before the taking of a part thereof by eminent domain, he must establish adequate familiarity with the property before he can express an opinion." *Ark. State Hwy. Comm.* v. *Pullen,* 243 Ark. 759, 421 S.W. 2d 890 (1967). In our view, Wilson's familiarity with these improvements was not sufficiently established to support his specific testimony as to these items.

Also, in tabulating his before the taking value, Wilson valued the condemned acreage at $1,600 per acre. His valuation was based upon his experience and knowledge of real estate. It was demonstrated on cross-examination that the per acre value was not based upon any comparable sales of land in the vicinity. He alluded to one sale in another area. No comparability was sufficiently demonstrated. Wilson stated he had relied upon conversations with "associates who have comparable sales" and an examination of the market data of his associate. These associates are not identified. As stated by appellees, Wilson obviously was referring to his associate expert witness Huff who placed, based upon comparable sales, only a before value of $400 (rather than $1,600) per acre upon the 27.37 acres actually taken. "* * * *[V]aluation must be tested by our well settled rule that the testimony of a witness, whether layman or expert, cannot be regarded as substantial evidence if he is unable to give any reasonable basis for his opinion." *Ark. State Hwy. Comm'n* v. *Carruthers et ux,* 246 Ark. 1035, 441 S.W. 2d 84 (1969). Although we recognize that a value expert witness can rely upon hearsay in determining market values of lands in a vicinity, we believe Wilson's testimony, in the case at bar, was improper because there was no reasonable basis demonstrated for it. On cross-examination an ex-

pert witness should be able to demonstrate that his valuation have a foundation in fact rather than mere surmise.

Appellees, citing *Ark. State Hwy. Comm'n v. Ormond*, 247 Ark. 867, 448 S.W. 2d 354 (1969), contend that the question as to who is competent to give an opinion is one which must be left to the discretion of the trial court. In that case we affirmed a judgment because the error (improper value testimony) obviously was disregarded by the jury and did not enhance the award; and, also, the verdict was less than an amount which was supported by substantial evidence. In the case at bar, there is, also, competent testimony of a substantial nature from which the jury could have based its $70,000 award: that of Huff, who assessed damages at $97,098. However, in *Ormond* the verdict ($12,000) was only a fraction of the improper damages testimony ($84,874). Therefore, we said that the evidence was harmless error or manifestly not prejudicial. In the instant case, that great disparity in *Ormond* between the improper damage testimony and the verdict does not exist. The verdict of $70,000 so nearly approximates Wilson's estimate of $107,680 we cannot say with confidence that his testimony, which was without a reasonable basis, did not enhance the award and, therefore, was not prejudicial. The presumption is that error is prejudicial unless it is shown otherwise or manifestly is not. Since the appellees have not demonstrated the error was nonprejudicial, the judgment must be reversed and the cause remanded.

Reversed and remanded.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur, but I adhere to the views expressed in my concurring opinion in *Arkansas State Highway Commission v. Roberts*, 246 Ark. 1216, 441 S.W. 2d 808, i.e., that the opinion of a properly qualified expert on the market value of real estate is not rendered insubstantial merely because it is not based upon comparable sales, particularly when there are no really comparable sales.