ARKANSAS STATE HIGHWAY COMMISSION
*v.* Harold C. JENSEN et al

73-286                                          508 S.W. 2d 737

Opinion delivered April 29, 1974
[Rehearing denied June 3, 1974.]

*Thomas B. Keys* and *Philip N. Gowan*, for appellant.

*Comer Boyett, Jr.* and *Dale Price*, for appellee.

FRANK HOLT, Justice. This appeal results from an eminent domain action in which appellant moved to strike the testimony of appellees' expert value witness, Terrell Huff. Appellant's motion to strike, *inter alia*, reads:

> Plaintiff [appellant] further moves to strike that portion of his testimony in which he values the improvements on the farm as to depreciated values because it was arbitrarily based on 15% depreciation on property and improvements where the proof shows that some of the improvements and equipment were older than others.

THE COURT: Overruled.

The expert's valuation, upon cross-examination, must demonstrate a foundation in fact or a reasonable and fair basis rather than mere surmise. *Ark. State Hwy. Comm'n. v. Jensen*, 253 Ark. 795, 489 S.W. 2d 5 (1973), *Arkansas State Hwy. Comm'n. v. Steen*, 253 Ark. 910, 489 S.W. 2d 781 (1973), *Ark. La. Gas v. Hardgrave*, 252 Ark. 257, 478 S.W. 2d 772 (1972), and *Ark. State Hwy. Comm'n. v. Carruthers*, 246 Ark.

1035, 441 S.W. 2d 84 (1969).

We must agree with appellant's objection as to the arbitrariness of the expert's depreciation of 15% on all improvements which were included in the taking. The improvements involved were varied—a potato house, ironclad building, machine shed, dairy barn, two dwellings, three wells, three pumps, and another dwelling used for storage. On cross-examination the witness testified that after determining the replacement value on each improvement, these figures were added and a straight 15% depreciation was taken by him on their total value. Although we are sensitive to the difficulties in determining depreciation, we cannot approve of this method as a precedent for it obviously has no fair and reasonable basis. Appellees cite no authority for the method so used. Some of the improvements varied in age as well as type and condition. Appellees' witness, on cross-examination, testified that "I did not depreciate each building as I worked it out. Some of these buildings would have a higher depreciation and some a lower depreciation." The value of each item was separately established by the expert value witness—so also should the depreciation as to each item. The burden was upon appellees' expert witness to justify, upon cross-examination, the reasonableness of his method of depreciation.

We have considered appellant's other two contentions and find them without merit.

Reversed and remanded.