Faye Finch STAPLETON and Jackie Whayne
STAPLETON *v.* Donald HOLIMAN

CA 79-303                                              598 S.W. 2d 453

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

*Thomas & Nussbaum, P.A.,* by: *Alan Nussbaum,* for appellants.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellee.

DAVID NEWBERN, Judge. This case arose from an automobile collision which occurred on an ice and snow-covered street. There was evidence that the two vehicles involved were travelling toward each other in a single set of ruts which straddled the center-line of the street. Other evidence showed the appellant Faye Stapleton was driving on the right side of the street and the appellee was driving in the center of the street.

The car driven by Faye Stapleton at the time of the accident was owned by Jackie Stapleton, her son. He sued for property damage to his vehicle. She sued for personal injury. The claims were heard jointly. The jury returned a general verdict in favor of the defendant.

Jackie Stapleton contends a verdict should have been directed in his favor on his property damage claim. We agree,

in view of the fact that the testimony of all of the witnesses indicated the appellee was driving, at least partially, in the wrong lane, and one apparently disinterested witness, whose testimony was undisputed, said the appellee was driving too fast for the prevailing road conditions. The appellee presented no evidence.

There was no evidence that Jackie and Faye Stapleton were engaged in a joint venture, and the negligence of a bailee is not attributable to a bailor. *Bill C. Harris Construction Co., Inc. v. Powers,* 262 Ark. 96, 554 S.W. 2d 332 (1977). Thus, we can find no reason for the denial of Jackie Stapleton's motion for a directed verdict in view of the undisputed evidence that negligence on the part of the appellee was the proximate cause of the damage to Jackie Stapleton's vehicle. *Pickens* v. *Westbrook,* 191 Ark. 156, 835 S.W. 830 (1935). See also, *Boyle* v. *Simon,* 558 F. 2d 896 (CA 8 1977), citing Arkansas cases for the proposition that *unless* the case is one in which there is plain and undisputed evidence, the question must go to the jury.

Jackie Stapleton also contends the deputy sheriff who investigated the accident should not have been allowed to testify as to his opinion of the extent of damage to the vehicle, citing two eminent domain cases. *Arkansas State Highway Comm'n* v. *Pullen,* 243 Ark. 759, 421 S.W. 2d 890 (1967); *Arkansas State Highway Comm'n* v. *Elliott,* 234 Ark. 619, 353 S.W. 2d 526 (1962). In the *Pullen* case, an expert's opinion as to land value was excluded at the trial. The case was affirmed because the court was unable to say the trial judge abused his discretion in excluding it. In *Elliott,* the court said the trial court should have excluded evidence of a purchase price offered for the land in question because there was no evidence of his familiarity with land values in the area and thus he was not a "qualified lay witness."

The appellee simply contends the point is moot because of the jury's finding in his favor. In view of our holding that a verdict should have been directed for Jackie Stapleton on the question of liability, the matter of evidence of damages will arise upon remand. Therefore, we will address the matter to a limited extent.

The officer's testimony was about the evaluation of injury to the vehicles he made in his report of the accident. No attempt was made to qualify him as an expert. While Ark. Stat. Ann. § 28-1001, Rule 701 (Repl. 1979) permits a lay witness to given an opinion "rationally based" on his perception, his perception cannot be without foundation. The officer said he placed the damage at $800 to each vehicle based upon his impression, without knowing "what underneath damage was done." That testimony was obviously incompetent.

We have found surprisingly little authority on the question whether a police officer may offer an opinion of the extent of damages to vehicles involved in a collision. However, we find one case in which it was held error to have admitted a highway patrolman's testimony with respect to damages in terms of money, although the court made it clear he could say what he found at the accident scene. *Bryan Bros. Packing Co.* v. *Grubbs*, 251 Miss. 52, 168 So. 2d 289 (1964). The court said:

> He attempted to qualify as an expert by testifying that he was experienced in investigating accidents and that it was a part of his duty to fill out a form giving the amount of damages to each vehicle, but he did not qualify as a mechanic with knowledge of the cost of labor and materials in repairing automobiles. Over objection, he testified as to the amount of damages to each of the three vehicles in terms of money. This was error. [168 So. 2d at 293]

See also, *Sanders* v. *McNatt*, 430 S.W. 2d 797 (Tenn. 1968). Cf., *Howard* v. *Adams*, 246 S.W. 2d 1002 (1952).

We need not decide here whether a police officer may or may not ever be qualified as an expert in this field on the basis of his investigative experience. We must say, however, that for an officer to give a "qualified lay opinion" the showing of a "rational basis" for his opinion would, in our judgment, have to consist of evidence which would be little different from that which would show him to be an expert.

The final point has to do with the verdict in favor of the defendant against Faye Stapleton. She contends prejudicial

remarks were made to the jury by the appellee's counsel in connection with one of her witnesses because he said the witness "was holding the defendant to a higher standard of care." The witness testified he had experience driving on snow and ice because he had once lived in Alaska. During colloquy surrounding an objection, the appellee's counsel remarked that the appellants' witness was holding "other people up to a higher standard of care than he does Arkansans." The remark seems not to have been as the appellants' brief has characterized it. At any rate, no objection to the remark was made, and it clearly could not have served as the basis of a directed verdict for Faye Stapleton as she contends. We cannot find any such motion was even made on her behalf.

The judment is affirmed to the extent it was in favor of the appellee against Faye Stapleton. The judgment is reversed to the extent it was in favor of the appellee and against Jackie Stapleton. We may not return the case for a hearing on the question of damages only. *Devazier* v. *Whit Davis Lumber Co. an F & S Construction Co.,* 257 Ark. 371, 516 S.W. 2d 610 (1974); *Lake Village Impl. Co.* v. *Cox,* 252 Ark. 224, 478 S.W. 2d 36 (1972). Thus, the case is remanded for a new trial with respect to the claim of Jackie Stapleton.

Affirmed in part; reversed in part, and remanded.