McDevitt v. Kobelco & Beauregard     CV-94-537-JM  01/03/97  P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

McDevitt Machinery, Inc.

   v.                                    Civil No. 94-537-JM

Kobelco America, Inc.,
Beauregard Equipment, Inc.
and Carl Beauregard


**O R D E R**

At the October 9, 1996 pretrial conference, the court represented that it would attempt to rule on the now-pending issues by the first of the year so as to permit time for informed ADR efforts.  A number of factors, including the raising of a new, non-damages related argument that should have been made long ago; the late filing of the contemplated motion and response; and the parties' unwillingness to rely on their initial submissions, have complicated the court's task.  In order to expedite matters for purposes of ADR, the court will address the questions before it with minimal exegesis.

1.  Out of left field, Kobelco argues that the so-called "third agreement" was binding on the parties and necessitates an award of summary judgment in its favor on plaintiff's claim under Delaware's Equipment Dealer Contracts Statute (Count I) (hereinafter "the Dealer Statute") and

plaintiff's claim for breach of the second agreement (Count II).

Kobelco's argument appears to run as follows:

I.   The third agreement superseded all previous agreements between the parties (including the second agreement);

II.  The third agreement was governed by Texas law;

III. Under Texas law, agreements intended by parties to be immediately effective are binding and enforceable notwithstanding the fact that some "formality" attendant to the agreement remains "unexecuted" (citing <u>Vick</u> v. <u>McPherson</u>, 360 S.W.2d 866, 868 (Tex. Civ. App. 1962) and <u>Hegar</u> v. <u>Tucker</u>, 274 S.W.2d 752, 754 (Tex. Civ. App. 1955));

IV.  By operation of Texas law, the third agreement came into force and effect notwithstanding the unexecuted formality of a Kobelco representative (Mr. Komori);

V.   The second agreement was therefore superseded and cannot ground a breach of contract claim; and

VI.  Plaintiff's claim under Delaware's Dealer Statute cannot proceed, as applicability of that statute in this case depends necessarily on the viability of the second agreement (which is governed in all relevant respects by Delaware law).

There are two reasons for rejecting this argument out of hand.

First, this is not an <u>in limine</u> argument for the exclusion of evidence; it is a merits-based argument for the dismissal of claims.  It is, in other words, an argument that should have been made when Kobelco filed its dispositive motions pertaining to Counts I and II.  It therefore is untimely in the extreme.  <u>See</u> Judge McAuliffe's February 5, 1996 Endorsed Order (implicitly extending the date for filing dispositive motions to April 15, 1996).  And as Kobelco has not even acknowledged this

2

to be so -- let alone petitioned the court to raise the argument late and/or provided the court with an explanation as to its lateness -- the court is not disposed to entertain it on the merits.

Second, even if the court were to entertain the argument on the merits, it would reject it. Although Kobelco's recitation of Texas law may be correct insofar as it goes, Kobelco mysteriously assumes that the court must find, as a matter of law, that Kobelco and McDevitt intended and agreed that the third agreement would become immediately effective upon McDevitt's signing it. Not only is that assumption completely unwarranted on the record (thereby rendering summary judgment inappropriate), it would appear to require Kobelco to take an underlying factual position -- i.e., that it intended and agreed to be bound by the third agreement when McDevitt signed it -- completely contrary to the position it has taken prior to and throughout this litigation -- i.e., that it never considered the third agreement to have gone into effect. <u>See</u>, <u>e.g.</u>, Kobelco's Answers to Nos. 17, 18, and 19 of McDevitt's First Set of Interrogatories (stating that only the second agreement governs the rights of the parties); January 10, 1992 letter from Fred W. Ridenour to Kevin McDevitt (informing McDevitt that Kobelco "will not be <u>renewing</u>" the second agreement and stating that Kobelco

3

"ha[s] not <u>accepted</u> th[e third] agreement and <u>will</u> <u>not</u> <u>be</u> entering into it with you" (emphasis supplied); Deposition of John P. Trueman at 137-38 (January 10 letter was a "nonrenewal letter" not a termination letter); Deposition of Fred D. Ridenour at 113-16 (making clear Ridenour's belief that the signature of Mr. Komori was necessary to the third agreement's going into effect); Answer to No. 7 of McDevitt's Second Set of Interrogatories (calling the January 10, 1992 letter a non-renewal letter and characterizing Kobelco's decision as one to let the second agreement expire").[1]

Although it does not explicitly so state, Kobelco must be arguing that, although it never intended to or agreed to be bound by the third agreement, it was so bound by operation of Texas law, which treats as something approaching irrelevant the

---

[1]If Kobelco were to attempt to assert that it understood the third agreement as having gone into effect when McDevitt signed it (Kobelco has been careful not make such an assertion as of yet), the court would almost certainly prevent it from doing so on grounds of judicial estoppel. <u>See</u> <u>Davis</u> v. <u>Wakelee</u>, 156 U.S. 680, 689 (1895) ("It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."); <u>see</u> <u>also</u> <u>Patriot Cinemas, Inc.</u> v. <u>General Cinema Corp.</u>, 834 F.2d 208, 211-15 (1st Cir. 1987) (discussing the general tenets of judicial estoppel). So too would the court be inclined to issue an order to show cause why Kobelco and its counsel should not be sanctioned for their inexplicable flip-flop on an important factual issue.

4

parties' intentions as to contract formation. The short answer to this is that, for reasons already indicated, Texas law does not so operate. Although using language which, when removed from context, could be taken to support Kobelco's position, the cases cited in Kobelco's reply brief, see Adams v. Petrade Int'l, Inc., 754 S.W.2d 696, 717 (Tex. App. Ct. 1988); Slade v. Phillips, 446 S.W.2d 931, 933 (Tex. Civ. App. 1969), can only mean that, in some cases, the objective facts belie any claim that the parties did not intend to reach and concur in being bound by an agreement. This, however, is not such a case.

Not only was the third agreement unsigned by Kobelco when it was sent to McDevitt, but it contained language indicating that its "execution" would require a signature by an authorized Kobelco representative. See Third Agreement at 8 ("IN WITNESS WHEREOF, the parties have caused their duly authorized representatives to execute this agreement as of the date first above written.") (directly preceding the blank Kobelco signature line). Moreover, though McDevitt has stated that Kobelco "reneged" on the "offer" set forth in the third agreement, see Complaint at ¶ 58(b), it has prosecuted this action as though it considered only the second agreement, and not the third, as having been operative at all relevant points in time. This is powerful evidence to support its position on the present issue --

5

that "[t]here was no binding Third Agreement." Memorandum of Law in Support of Plaintiff's Objection to Defendants' Motion for Partial Summary Judgment at 9. This means that the present record would seem to allow only one finding as to the parties' intentions with respect to the third agreement: that neither of them has ever considered it to have gone into effect. And, of course, it would be a strange regime indeed that would hold a contract to have been formed when neither of the purported parties thereto claims to have had such an understanding. In any event, Texas is not such a regime. See Vick, 360 S.W.2d at 868-69 (emphasizing that the question whether a contract came into being prior to execution of a formal writing embodying its provisions is a factual one dependent upon the parties' mutual agreement and intent to be bound from the point in time at issue); Hegar, 274 S.W.2d at 754 (similar); see also Foreca, S.A. v. GRD Development Co., Inc., 758 S.W.2d 744, 745-46 (Tex. 1988) (the formation vel non of a contract in circumstances such as these is a factual issue, resolution of which typically must be left to the jury's finding as to the parties' understandings at the relevant point in time); Scott v. Ingle Bros. Pacific, Inc., 489 S.W.2d 554, 55-57 (Tex. 1972) (same).

2. Kobelco next asserts that ¶ 11.9 of the second agreement -- which disclaims damages arising out of expiration or

6

termination of that agreement -- bars most of the damages sought in Counts I - III of the complaint. Inexplicably, however, Kobelco's argument makes no mention of a provision of Delaware's Dealer Statute which, on its face, would seem to void ¶ 11.9. See Del. Code Ann. tit. 6, § 2727(b) (1987) ("Notwithstanding any agreement to the contrary, and in addition to any other legal remedies available, any person who suffers a monetary loss due to a violation of [the Dealer Act] . . . may bring a civil action . . . to recover damages sustained by him together with the costs of the suit, including a reasonable attorney's fee.") (emphasis supplied). In the absence of any explanation as to how ¶ 11.9 survives this statutory provision, plaintiff's damages claims under Count I - III may proceed notwithstanding ¶ 11.9.

3. Finally, Kobelco argues that § 2727(d) of Delaware's Dealer Statute sets the outer limit of plaintiff's damages recovery under the Statute to six months after the January 10, 1992 non-renewal letter because, even accepting all of McDevitt's factual allegations as true, McDevitt was entitled to no more than six months' notice of non-renewal under the Statute's notice provisions. See § 2721. Although Kobelco's argument may well prove meritorious as a matter of general damages principles (if one accepts Kobelco's premise that the January 10, 1992 letter was sufficient to activate the running of

7

the six-month period set forth in § 2721), the court declines to decide this fact-sensitive issue in advance of trial.  Suffice it to say at this point that the court does not read § 2727(d) as imposing any sort of <u>limitation</u> on damages; to the contrary, when read as part of the statute as a whole, § 2727(d) must be construed as merely providing explicit assurance that a certain type of damages (loss of business for the time period the supplier is in violation of the notice termination provisions of the Dealer Statute, plus costs and attorney's fees] <u>are</u> available in circumstances where damages might be thought difficult to prove.  Indeed, when § 2727 is read as a whole, it seems clear that dealers are entitled to <u>any</u> and <u>all</u> damages which can reasonably be viewed as a consequence of a violation of the Dealer Statute.  <u>See</u> <u>generally</u> §§ 2727(b) and (e).

Before concluding, two points need briefly be made. First, the now-pending submissions reflect a continuation of the parties' highly inefficient and costly propensity to litigate this matter in series, rather than in parallel.  The parties should know that, henceforth, all procedural deadlines will be strictly enforced and that they will be expected to present <u>all</u> their arguments in comprehensive and timely filings.  Second, McDevitt's counsel should be aware that, regardless of his perception as to the quality or fairness of the argument to which

8

he is responding, the use of inflammatory and belittling rhetoric can only disserve his client's interests.

Because, in light of its rulings, there is no harm to McDevitt in doing so, the court grants the Beauregard defendants' motion to join in Kobelco's motion for partial summary judgment (document no. 60) and Kobelco's motion for leave to file a reply memorandum (document no. 62). The court denies, however, Kobelco's motion for partial summary judgment (document no. 59).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    January 3, 1997

cc:      Gregory T. Uliasz, Esq.
         Martha V. Gordon, Esq.
         Thomas G. Bailey, Jr., Esq.